Tish JENNINGS *v.* STATE of Arkansas

CR 82-23                                     633 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered May 24, 1982

*Robert S. Blatt,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for respondent.

ROBERT H. DUDLEY, Justice. Petitioner seeks to prohibit David Partain, Judge, from holding a trial on charges pending against her. She contends that she has not been afforded a speedy trial. On August 28, 1980, petitioner was arrested and charged with having committed a felony on June 3, 1980. She has remained lawfully at liberty on bond since her arrest. The trial judge set her trial for December 17, 1981, which was within 18 months of the date of her arrest. Prior to the trial she moved for dismissal for lack of speedy trial. Her motion was denied by the trial court. She now seeks a writ of prohibition in this court. We decline to issue the writ.

Petitioner contends that under Ark. Stat. Ann. § 43-1709 (Repl. 1977), she was entitled to be tried within three terms of court and that three terms have passed without trial. The statute cited by petitioner has been superseded by A. R. Cr. P. Article VIII, Speedy Trial, Vol. 4A (Repl. 1977 and Supp. 1981). *Matthews* v. *State,* 268 Ark. 484, 598 S.W.2d 58 (1980).

Petitioner takes cognizance of the *Matthews* decision, supra, but contends that the superseded three-term statute and the 18-month speedy trial rule, A. R. Cr. P. 28.1 (c) (Supp. 1981) are inconsistent. She argues that, as a result of the inconsistency, Ark. Stat. Ann. § 22-242 (Supp. 1981), which authorized this court to prescribe rules of criminal procedure, is an unlawful delegation of legislative authority. In *Miller* v. *State,* 262 Ark. 223, 555 S.W.2d 563 (1977), we addressed this issue and held this not to be an unlawful delegation of legislative authority. We noted the enabling act "merely recognizes and is harmonious with the court's inherent powers rather than conferring an express power." Certainly, if we have the inherent power to make the Rules of Criminal Procedure, it follows that we have the inherent power to amend those rules.

Petitioner next contends that the crime occurred on June 3, 1980, and that our speedy trial rule in effect at that

time must govern. The rule in effect on June 3, 1980, provided for a trial within three terms, A. R. Cr. P. 28.1 (c) (Repl. 1977), while the rule in effect at the time of trial, A. R. Cr. P. 28.1 (c) (Supp. 1981) provides for a trial within 18 months. If speedy trial rules were substantive law the petitioner would be correct for a trial is controlled by the substantive law in effect on the date of the commission of the crime. Art. 2, § 17, Constitution of Arkansas; *Taylor* v. *Governor,* 1 Ark. 21 (1837). However, speedy trial rules are not substantive law, they are procedural law. As stated in *Cassell* v. *State,* 273 Ark. 59, 616 S.W.2d 485 (1981):

> Alternatively, Cassell argues in this court that our former statute requiring an incarcerated defendant to be tried within two terms of court laid down a rule of substantive law which this court could not supersede by a rule of procedure permitting a longer delay. Ark. Stat. Ann. § 43-1708 (Repl. 1977). That statute, however, was not substantive law merely because its violation might have a substantive effect. That is true of many procedural statutes, such as a statute of limitations or a statute requiring a defendant to file an answer within 20 days after the service of summons. In criminal matters substantive law declares what acts are crimes and prescribes the punishment; procedural law provides or regulates the steps by which one who violates a criminal statute is punished. *Roberts* v. *Love,* 231 Ark. 886, 333 S.W.2d 897 (1960). Under that distinction a speedy trial statute is procedural.

Because the rule is procedural it can be validly applied to all criminal trials commencing on or after July 1, 1980.

Petitioner next contends A. R. Cr. P. 28.1 (c) (Supp. 1981) is unconstitutional because it violates the right to a speedy trial as provided in both the Sixth Amendment of the United States Constitution and Article II, § 10 of the Arkansas Constitution. Petitioner cites no federal or state case for the proposition that an 18-month speedy trial rule for one at liberty on bond is prejudicial. The 18-month period is reasonable and is consistent with the constitutional standards set out in *Barker* v. *Wingo,* 407 U.S. 514 (1972).

Petition denied.