Craig KENNEDY *v.* STATE of Arkansas

88-167                                    763 S.W.2d 648

Supreme Court of Arkansas
Opinion delivered January 23, 1989

*Larry W. Horton*, for petitioner.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for respondent.

ROBERT H. DUDLEY, Justice. Upon motion, we granted a temporary stay in this speedy trial case. We now dissolve the temporary stay and decline to issue a writ of prohibition because the speedy trial rules have not been violated.

Although petitioner divides his argument into three points, we need discuss it only as one: whether his right to a speedy trial has been violated. The material dates and events are as follows:

| June 6, 1986 | arrest |
|---|---|
| June 9, 1986 | charge by information |
| November 6, 1986 | plea of guilty |
| November 20, 1987 | petitioner allowed to withdraw his plea of guilty and new trial date set |
| July 18, 1988 | petition for writ of prohibition |

The petitioner argues that A.R.Cr.P. Rule 28.1, which defines the time limitations, has been violated because he has been held to trial for a period of 25 months. The argument overlooks the fact that the petitioner pleaded guilty five months after the time first began to run. A defendant, by a plea of guilty, waives a number of significant rights, including the right to a speedy trial. *Hall* v. *State*, 281 Ark. 282, 663 S.W.2d 926 (1984).

The real issue is, after a guilty plea is ordered withdrawn, when does the time for a speedy trial begin to run? Rule 28.2, which defines when time begins to run, addresses the issue by analogy only. Subsection (c) provides:

(c) if the defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, the time for trial shall commence run-

ning from the date of mistrial, order granting a new trial or remand.

We hold that an order allowing the withdrawal of a plea of guilty is analogous to an order granting a new trial, and the time for a trial begins to run anew after an order is entered allowing the withdrawal of a guilty plea. Thus, only eight months have run, and Rule 28.1 has not been violated.

The petitioner argues that the trial court did not comply with all the provisions of Rule 24, which describes how a trial judge is to receive and act upon a plea of guilty. The short answer to that argument is that the plea of guilty was in effect until the trial court ordered it withdrawn.

Lastly, the petitioner argues that the trial court failed to enter written orders or make docket entries, and under Rule 28.3(i) no delays should be attributable to the petitioner. The argument is without merit. Although the trial judge failed to make a docket entry of either the guilty plea or the authorization to withdraw the plea, the events were taken of record and transcribed on September 21, 1987, long before petitioner asked to have the case dismissed. This record of trial clearly sets out the guilty plea and the proceeding's authorization for the withdrawal of the plea. The trial judge then entered a written order setting out all of the events. There is no requirement under Rule 28.3 that this type of order be entered prior to the petition for prohibition as there is for a continuance due to docket congestion. *See* Rule 28.3 (b) and *Harkness* v. *Harrison*, 266 Ark. 59, 585 S.W.2d 10 (1979), requiring that a finding of excluded period due to calendar congestion must be entered at time of delay.

Temporary stay dissolved; writ of prohibition denied.