William Patrick KEY *v.* STATE of Arkansas

CR 88-203                              776 S.W.2d 820

Supreme Court of Arkansas
Opinion delivered September 25, 1989

*Meredith Wineland*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for respondent.

Robert H. Dudley, Justice. The petitioner seeks a Writ of Prohibition for an alleged violation of his speedy trial right. We deny the writ.

Petitioner was arrested on November 23, 1987, and, along with two (2) co-defendants, was later charged with capital felony murder. The twelve-month limitation is applicable. A.R.Cr.P. Rule 28.1(c). Therefore, unless there are excludable periods, it was necessary to bring petitioner to trial on or before November 23, 1988. Five days after that date, on November 28, 1988, petitioner had not been brought to trial and filed a motion to dismiss under A.R.Cr.P. Rule 28.1(c). The trial court denied the motion. Petitioner now seeks a Writ of Prohibition.

On January 27, 1988, the trial court set April 12, 1988, as the date for the trial. However, on March 25, 1988, a co-

defendant moved that the trial be continued and that the April 12 trial date be used as a date for additional pre-trial motions. During a motion hearing on March 28, 1988, the trial judge asked petitioner's attorney how she responded to the motion for continuance, and she responded that she had no problems with it. The motion for a continuance was granted, and the trial court announced that the case would be reset for August 1988. The trial court's published calendar reflects August 8-12 as trial dates for the county where the case is pending. The trial court failed to make a docket entry or enter an order setting out the continuance as an excluded period as required by A.R.Cr.P. Rule 28.3(i).

Petitioner argues that the failure to make a docket notation or enter a timely order is fatal to prosecution of the case at bar. The argument ignores our recent case of *Kennedy* v. *State*, 297 Ark. 488, 763 S.W.2d 648 (1989), where we held that when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of A.R.Cr.P. Rule 28.3(i). Such a holding is based upon the rule that one cannot agree with a ruling by the trial court and then attack that ruling on appeal. *See Gilbert* v. *State*, 277 Ark. 61, 639 S.W.2d 346 (1982). Accordingly, we hold that the record of the trial judge's finding that a continuance should be granted, which was agreed to by the petitioner, is sufficient to satisfy the requirements of A.R.Cr.P. Rule 28.3(i). That one excluded period is sufficient to deny the petition.

Writ denied.

PURTLE, J., dissents.

HICKMAN, HAYS, and GLAZE, JJ., concur.

DARRELL HICKMAN, Justice, concurring. I concur in the result. See my dissent in *Asher* v. *State*, 300 Ark. 57, 776 S.W.2d 816 (1989), handed down today.

HAYS and GLAZE, JJ., join.

JOHN I. PURTLE, Justice, dissenting. The writ should have been granted. Without a doubt, the speedy trial time had run before the petitioner was brought to trial. I agree with the majority that "unless there are excludable periods," it is neces-

sary to grant the petition. However, I interpret the facts of this case in a different manner than the majority.

The petitioner was arrested on November 23, 1987, and moved for dismissal on November 28, 1988, for lack of speedy trial. The key issue in this case involves a motion and hearing which was held on March 28, 1988. During the hearing, a co-defendant moved that April 12 be set as a date to conclude the hearing on the motions. That was simply another way of requesting that the motions be disposed of at the commencement of the trial. The court wanted to continue the hearing because neither the state nor the court appeared to be ready for a ruling on the motions.

Petitioner's counsel was present during the hearings on these motions. She did not request a continuance, but when the court asked her about continuing the motion hearing, she said she had no problem. Nothing in the judge's question indicated that there was a pending request for a continuance of the trial date. Several entries appear in the record, but one year after the appellant's arrest the docket failed to show an excluded period of time. Several entries had been made in the docket following the appellant's motion for dismissal.

I think the majority places too great a burden on the petitioner and his counsel in this case. It can be said with some assurance that neither the appellant nor his attorney ever requested a continuance. Therefore, the burden was upon the state to prove a justifiable period, and the state has failed to carry its burden. The majority opinion places an affirmative duty upon the appellant to bring himself to trial. I would grant the petition for prohibition.