John ASHER *v.* STATE of Arkansas

CR 88-197                                      776 S.W.2d 816

Supreme Court of Arkansas
Opinion delivered September 25, 1989

*Michael Salamo*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for respondent.

ROBERT H. DUDLEY, Justice. The sole issue in this speedy

trial case is whether the old eighteen-month limitation or the new twelve-month limitation applies to this case. We hold that the new twelve-month limitation is applicable, and accordingly, issue a writ of prohibition.

The petitioner was arrested on February 19, 1987. Upon the recommendation of a deputy prosecuting attorney, he was immediately released by a citation. *See* A.R.Cr.P. Rule 5.2. On March 9, 1987, a deputy prosecutor wrote to petitioner stating, "your case has been continued until further notice." A similar letter was written to petitioner on April 15, 1987. In fact, however, no case was pending because the prosecutor had not filed charges.

In a separate matter, on July 13, 1987, this court issued a per curiam order which amended A.R.Cr.P. Rule 28.1(c) to decrease the time limit for speedy trials from eighteen (18) months to twelve (12) months. The amendment provides:

> Any defendant *charged* after October 1, 1987, in circuit court and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, *shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2*, excluding only such periods of necessary delay as are authorized in Rule 28.3.

(Emphasis added.)

On October 9, 1987, after the amendment had gone into effect, the prosecutor finally charged petitioner with several counts of illegal drug activity. The trial court set the case for trial on October 13, 1988. Petitioner filed a motion in the trial court asking that the cases be dismissed for violation of the speedy trial rule. The motion was denied. Petitioner sought a writ of prohibition in this court. We granted a temporary stay for briefing of the matter, and now issue the Writ of Prohibition.

■ The State agrees with the petitioner that the time began to run on the date of arrest, February 19, 1987. *See* A.R.Cr.P. Rule 28.2(a). The parties' only disagreement concerns which limitation is applicable. The petitioner accurately states that our rule is clear and definite. It provides, "any defendant *charged* after October 1, 1987, . . . shall be entitled to have the charge

dismissed . . . if not brought to trial within twelve (12) months. . . ." The petitioner was charged after October 1, 1987. The rule is not ambiguous and does not require interpretation. The twelve-month limitation applies, and the petitioner was not tried within that twelve-month period.

The State argues that such a literal reading of the rule leads to an absurd result. The argument is not convincing. The per curiam was issued on July 13, 1987. It clearly provided that the twelve-month limit would apply to any defendant charged after October 1, 1987. Thus, there was a three and one-half month period between the per curiam announcing the amendment and the effective date of the amendment. The State could have charged petitioner at any time during that three and one-half month time and still had the benefit of the eighteen-month limitation. Instead, for some unexplained reason, the State waited until October 9, 1987, to charge the petitioner.

Writ granted.

HICKMAN, HAYS, and GLAZE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. Once again we have the problem of interpreting one of our "procedural" rules which is an attempt to codify a principle of constitutional law — the right to a speedy trial. Our rule, A.R.Cr.P. Rule 30.1, and decisions interpreting the rule are a poor attempt to reflect that constitutional right.

The U.S. Constitution's provision, upon which the rule is based, was adopted because citizens were being held in jail for months or even years without trial. A speedy trial was essential to their exoneration. Nowadays, that right is being perverted. A defendant, who does not want a speedy trial or cannot even demonstrate prejudice, can use this constitutional right to evade justice.

It is an absurdity to dismiss charges after 12 months, regardless of whether the accused can show prejudice or that he desires a speedy trial. Indeed, delay is a common weapon used in the defense of persons charged with crimes. A defendant does not even have to ask for a trial during the 12 month period to obtain relief under Rule 30.1. *Duncan* v. *State*, 294 Ark. 105, 740 S.W.2d 923 (1987). That is bad law. We have also held that the

illness of a judge does not justify a delay in bringing a defendant to trial, even though the defendant can show no prejudice. *Novak* v. *State*, 294 Ark. 120, 741 S.W.2d 243 (1987). That also is bad law. "

The U.S. Constitution simply does not require the blind, rigid approach we have taken in Rule 30.1. In *Barker* v. *Wingo*, 407 U.S. 514 (1972), the Supreme Court declared that four factors should be considered in determining whether a defendant has been denied his right to a speedy trial: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. We ignore two of these criteria. Our focus on length of delay without regard to prejudice or the defendant's assertion of his rights was the minority position at the time we adopted our rule. See ABA Standards *Speedy Trial*, § 4.1 (Approved Draft, 1968). Federal law is far more sensible. *See* 18 U.S.C. § 1362 (1982) which provides for mandatory dismissal but gives the judge the power to dismiss without prejudice after considering certain factors, including seriousness of the offense and the effect of dismissal on the administration of justice.

We do not dismiss charges in other situations involving a denial of constitutional rights. *See, e.g., Smith* v. *State*, 296 Ark. 451, 757 S.W.2d 554 (1988) (failure to take detainee before judicial officer); *O'Riordan* v. *State*, 281 Ark. 424, 665 S.W.2d 255 (1984) (illegal arrest); A.R.Cr.P. Rule 16.2 (illegal search and seizure).

The rationale for automatic discharge is that the right to a speedy trial will not be preserved unless a harsh remedy accompanies its violation; faced with dismissal, prosecutors and judges will be prompted to attend to their cases and dockets. (The judge, not the prosecutor, must control the trial calendar. A.R.Cr.P. Rule 27.2.) The responsibility and blame should be placed where it belongs.

Judges and prosecutors should be held responsible for their duties. Freeing criminals to punish judges or prosecutors is foolish. If a speedy trial violation is found, the prosecutor who inexcusably allowed the time to elapse should be reported to the Committee on Professional Conduct, as are other criminal lawyers who fail to carry out their responsibilities. See our Per Curiam opinion dated February 5, 1979, *In re: Belated Appeals*

*in Criminal Cases.* Judges who cause the delay by neglecting their dockets should be reported to the Judicial Discipline and Disability Commission. *See* Act 637 of 1989, § 6. (Appellate judges are equally responsible to attend to their duties.)

In addition, I believe Rule 30.1 represents another instance in which we have overstepped our constitutional authority and adopted a substantive rather than a procedural rule. *See Kiefer* v. *State*, 297 Ark. 464, 762 S.W.2d 800 (1989) (Hickman, J., dissenting). While we have recognized that setting the time for bringing an accused to trial is a procedural matter, *Jennings* v. *State*, 276 Ark. 217, 633 S.W.2d 373 (1982), the provision for dismissal is essentially a substantive rule, remedial in nature. *See Owen* v. *Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976). The fear that Justice Byrd expressed when the Rules of Criminal Procedure were adopted has been realized. *In re Rules of Criminal Procedure*, 259 Ark. 863, 530 S.W.2d 672 (1975) (Byrd, J., dissenting). We have gone beyond any power granted to us by the legislature to enact procedural rules under Ark. Code Ann. § 16-11-301(a) (1987) and have begun to legislate. See also *Ricarte* v. *State*, 290 Ark. 100, 717 S.W.2d 488 (1986).

In the federal realm, Congress, rather than the judiciary, has promulgated rules involving speedy trials. Shortly after the decision in *Barker* v. *Wingo, supra*, the Speedy Trial Act was passed. See 18 U.S.C. §§ 3161 to 3174 (1982). The Federal Rules of Criminal Procedure contain no speedy trial provisions.

The policy decision embodied in Rule 30.1 should be the province of the legislature. If the majority insists on using this rule it should at least parallel the right guaranteed by the U.S. Constitution. We do not invade that province in similar areas of the law such as statutes of limitations in criminal prosecutions, Ark. Code Ann. § 5-1-109 (Supp. 1987), and civil actions, Ark. Code Ann. §§ 16-56-101 to 127 (1987), and we should not invade it now.

In this case no request for a speedy trial was made, and no prejudice was shown. I would order the trial to proceed.

Hays and Glaze, JJ., join.

Tom Glaze, Justice, dissenting. This case seems simple to me. We did a poor job in amending A.R.Cr.P. Rule 28.1(c). Our

purpose was to reduce the period (from eighteen months to twelve months) during which an arrested person must be tried before his or her charges are required to be dismissed. The months are generally counted from the time of the person's arrest. *See* A.R.Cr.P. Rule 28.2(a). Such is the case at hand.

Unfortunately, when this court amended its Rule 28.1(c), it failed to consider what effect the change might have on persons already arrested under the old Rule (the eighteen-month limit) *but not actually charged* when the new Rule (the twelve-month limit) went into effect. We worded our amendment to read, in relevant part, as follows:

> Any defendant *charged* after October 1, 1987, in circuit court . . . shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2 . . . . (Emphasis added.)

In the present case, petitioner was arrested on February 19, 1987, and he and his counsel knew then that the petitioner had eighteen months, or until August 19, 1988, to be tried.[1] However, because the petitioner was not actually charged until October 9, 1987 — eight days after our amended Rule 28.1(c) went into effect — petitioner now argues he is entitled to the shorter twelve-month limit, which would reduce the time within which he was to be tried to February 19, 1988. Petitioner supports his argument by pointing to our poorly worded twelve-month amendment which provides it applies to any defendant *charged* after October 1, 1987.

Of course, in wording our amendment to Rule 28.1(c), we

---

[1] When computing the number of days for speedy trial purposes, the Arkansas Rules of Criminal Procedure and case law allow days to be excluded from the eighteen or twelve month speedy trial time period. The state has requested that 165 days be excluded for various reasons. If the eighteen-month time limit under the old rule applies, the number of days to be excluded under the rules would properly extend the time in which the petitioner could be tried well past the trial date of October 13, 1988. However, if the twelve-month limit is applied, even if all of the 165 days requested by the state are excludable, the speedy trial time would have expired long before October 13, 1988. The threshold issue posed, then, involves whether the eighteen or twelve month limit applies and requires, at this point, no discussion of the excludable time aspects of the case.

should have said that the new limit would apply to defendants *arrested and charged* after October 1, 1987, especially since the arrest date under the old and new Rule triggers the speedy trial limit. Nevertheless, this court is not required to give Rule 28.1(c), as amended, such a technical and literal interpretation as the petitioner suggests, especially when that construction is contrary to the Rule's purpose and would lead to absurd results.

As I have already mentioned, petitioner was well aware that he had eighteen months within which to be tried when he was arrested. If the state failed to charge and try him within that period, Rule 28.1(c) would have required the dismissal of any charges resulting from his arrest. Again, the time limit, be it eighteen or twelve months, was intended to run from the arrest date and not from the date when charges are filed.

The majority's construction actually renders new Rule 28.1(c) impossible to comply with in some situations. For example, if a defendant had been arrested in October 1986, but not charged until October 2, 1987, no time would exist in which the state could bring a petitioner to trial. Admittedly, such a situation would be extreme, but the construction we give Rule 28.1(c), as amended, should weather any storm or situation that comes its way. Our new amendment clearly was intended to apply to defendants *arrested and charged.* That being so, persons arrested and charged under the old Rule would be subject to the eighteen-month limit and those arrested and charged under the Rule's new version would have twelve-months within which to be tried. Under such a construction and application of Rule 28.1(c), all situations would be covered and both the state and defendants would have the full benefit and measure of the times provided in the rule.