Newton Donald JENKINS, Sr. *v.* STATE of Arkansas

CR 89-151                                          786 S.W.2d 566

Supreme Court of Arkansas
Opinion delivered March 26, 1990

*Bob Leslie*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The sole issue in this appeal is whether the appellant, Newton Donald Jenkins, Sr., was denied his right to speedy trial. We hold that he was not and affirm.

On April 8, 1988, Jenkins, along with two other defendants, was arrested and charged with five counts of theft by deception (counts one through five), one count of fraud (count six), and one count of making false statements to the Commissioner of the Arkansas Securities Department (count seven). On July 1, 1988, he pleaded not guilty.

On September 6, 1988, Jenkins filed a motion for a twelve-day extention of time from September 7, 1988, until September 19, 1988, to file pretrial motions. The trial court granted this motion.

On September 19, 1988, Jenkins filed a motion to sever defendants, and the State responded that the motion was unwarranted. On September 27, 1988, the case was passed for two days at Jenkins' request.

On September 29, 1988, an omnibus hearing was held, and the court denied Jenkins' motion for severance of the defendants. However, with the agreement of parties, the court severed the counts: Counts one, five, six, and seven were to be tried separately; and counts two, three, and four were to be tried together. Trial was set on all counts, except six and seven, for the week beginning December 12, 1988.

On December 12, 1988, counts two, three, and four were tried as scheduled, and a mistrial was granted as to those counts. Counts one and five were not tried on December 15 and 16, 1988, as originally scheduled.

On January 24, 1989, an omnibus hearing was held concern-

ing trial of counts six and seven. The court stated, "Give me a trial date." The case coordinator asked, "How fast do you want to do it?" Appellant's attorney replied, "May, if possible, Judge." The prosecutor replied, "March, if possible." The court stated, "When are we setting things?" The case coordinator responded, "March." Defense counsel then stated that he needed more time. Thereafter, the court asked if the omnibus hearing could be held that day. Defense counsel responded that he needed to file some motions first. As a result, the court set the omnibus hearing for April 4 and trial for April 19, 1989.

On January 31, 1989, the State filed an amended information charging Jenkins with one count of theft by deception, one count of fraud, and one count of making false statements to the Commissioner of the Arkansas Securities Department. These counts were the same as counts one, six, and seven of the original information. The omnibus hearing was held on April 4, 1989, as scheduled.

On April 13, 1989, Jenkins filed a motion to dismiss on the ground that his right to speedy trial had been denied since twelve months had expired since the date of his arrest. At the conclusion of a hearing, the court denied the motion, finding, in part, that defense counsel wanted to go to trial at a later date than scheduled and that "it was put off" by "continuance or acquiescence."

On April 19, 1989, Jenkins was tried on counts two and three and sentenced to five years imprisonment and a fine of $22,500. On June 1, 1989, he pleaded nolo contendere to count one, with reservation of the right to appeal his conviction, along with his other convictions, on speedy trial grounds. If successful, he would be permitted to withdraw his plea and be discharged. He was sentenced to five years on count one, the sentence to run concurrently with the sentence on his other convictions.

■ For reversal, Jenkins contends that the trial court erred in denying his motion to dismiss the charges against him based upon the denial of his right to speedy trial. We hold that Jenkins was not denied his right to speedy trial on counts two and three in that he would have been speedily tried on these counts but for his request in January 1989 to go to trial in May 1989. Accordingly, we need not address whether any other periods of delay are excludable. As for Jenkins' contention concerning count one, to

which he pleaded nolo contendere, we do not reach the merits of his argument because we find that he is not authorized by our rules of criminal procedure to appeal from this plea.

Arkansas R. Crim. P. 28.1(c) provides:

Any defendant charged after October 1, 1987, in circuit court and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided for in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

The date Jenkins was arrested, April 8, 1988, began the time period for speedy trial. Ark. R. Crim. P. 28.2(a). Trial was held on counts two and three on April 19, 1989, eleven days past the twelve-month time limit for speedy trial.

■ Once the accused has shown that the trial is to be held after the speedy trial period has expired, the State has the burden of showing the delay was legally justified. *Nelson* v. *State*, 297 Ark. 58, 759 S.W.2d 215 (1988); *Allen* v. *State*, 294 Ark. 209, 742 S.W.2d 886 (1988).

We find that the State has met its burden as it is readily apparent from the record that counts two and three would have been tried in March, well within the time for speedy trial, but for defense counsel's request at the January 24, 1989, omnibus hearing, that the case be tried in May, after the time for speedy trial had expired. Moreover, he acquiesced in the court's decision to hold the trial on April 19, 1989.

■ Where an accused is offered a speedy trial but requests that the case be tried at a later date, and that delaying act is memorialized by a record taken at the time it occurred, he cannot complain that his right to speedy trial was denied. *See Key* v. *State*, 300 Ark. 66, 776 S.W.2d 820 (1989). *See also Campbell* v. *State*, 264 Ark. 372, 571 S.W.2d 597 (1978). This holding is based upon the rule that one cannot agree with a trial court's ruling and then attack it on appeal. *Key, supra.*

We do not reach the merits of Jenkins' contention concern-

ing count one, to which he pleaded nolo contendere, because we hold that, under the circumstances, he cannot appeal from this plea.

■ Except as provided for in Ark. R. Crim. P. 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. Crim. P. 36.1. Under Rule 24.3(b), a defendant may enter a conditional plea of guilty or nolo contendere, reserving the right, on appeal from the judgment, to review of an adverse ruling on a motion to suppress evidence. Simply put, this Rule does not provide for a conditional plea of nolo contendere, with reservation of the right to review of an adverse speedy trial determination. *See Pickett* v. *State*, 301 Ark. 345, 783 S.W.2d 854 (1990); *Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1989).

Granted, the court, the prosecutor, and the defense counsel all agreed that Jenkins could enter a conditional plea, reserving the right to appeal the trial court's adverse speedy-trial ruling. Notwithstanding this agreement, we cannot reach the merits of Jenkins' contention since our rules clearly do not provide for such an appeal.

Affirmed.

PRICE, J., not participating.