Arthur Lee HUDSON *v.* STATE of Arkansas

CR 90-125                                              799 S.W.2d 529

Supreme Court of Arkansas
Opinion delivered November 19, 1990
[Rehearing denied December 21, 1990]
[Supplemental Opinion on Denial of Rehearing
January 14, 1991.*]

*Bill R. Holloway*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

---

*Corbin and Brown, JJ., not participating.

STEELE HAYS, Justice. Appellant Arthur Lee Hudson was charged on June 23, 1988, with two counts of delivery of cocaine, a controlled substance, (counts I and II) and one count of possession with intent to deliver (count III). Hudson's brother, Robert Earl Hudson, was also charged on counts II and III.

The cases were set for trial on February 21, 1989.[1] On that same date Arthur Lee Hudson moved for a continuance on counts II and III on the ground that Robert Earl Hudson was a material witness to his defense and had raised the issue of mental capacity in his own defense, and that Robert Earl Hudson's competence should be determined before Arthur Lee Hudson could be tried. Arthur Lee Hudson also moved that the charges against Robert Earl Hudson be severed. Both motions were granted.

Counts II and III were later set for trial on July 18, 1989, and on July 17 Hudson again moved for a continuance, alleging ill health and an inability to appear for trial. The trial was reset for August 29. On August 28 Hudson moved to dismiss for denial of a speedy trial pursuant to A.R.Cr.P. Rule 28.1, based solely on the trial court's failure to enter an order or docket entry as required by A.R.Cr.P. Rule 28.3(i). That motion was denied and since Hudson had not appeared on August 29, the case was again reset to October 24, when it was finally tried, resulting in a verdict of guilty with a sentence of thirty years on each count, plus a fine of $25,000.

On appeal, Arthur Lee Hudson argues three points for reversal: He was denied a speedy trial; a motion for a directed verdict as to count III based on insufficient evidence should have been granted; and a motion for a psychiatric examination should have been granted. Finding no error, we affirm the judgment entered on the convictions.

Addressing first the issue of speedy trial, the state concedes, as it must, that the trial court failed to follow the explicit requirement of A.R.Cr.P. Rule 28.3(i):

All excluded periods shall be set forth by the court in a written order or docket entry. The number of days of the

---

[1] Count I was disposed of on a plea of guilty on February 21, 1989.

excluded period or periods shall be added to the number of months applicable to the defendant as set forth in Rule 28.1(a), (b) and (c) to determine the limitations and consequences applicable to the defendant. [Amended by Per Curiam June 30, 1980, effective July 1, 1980; amended by Per Curiam June 8, 1981.]

■ Once again we must point out that a written order or docket entry is obligatory under the plain wording of the rule. However, the record itself demonstrates that the delays were attributable to the accused and were memorialized in the proceedings at the time of occurrence. *Key* v. *State*, 300 Ark. 66, 776 S.W.2d 820 (1989); *Kennedy* v. *State*, 297 Ark. 488, 763 S.W.2d 648 (1989). The holding of those cases is based on the familiar principle that a litigant may not agree with a ruling by the trial court and then attack that ruling on appeal. *See Gilbert* v. *State*, 277 Ark. 61, 639 S.W.2d 346 (1982). To illustrate, at the February 21 hearing, after the motion for a continuance had been granted and after defense counsel had argued for a severance, the following dialogue occurred (quoting from the Supplemental Abstract):

> TRIAL COURT: I am going to grant the motion to sever offenses, count one from counts two and three. I will also grant the motion to continue counts two and three as to Arthur Lee Hudson. I think that this is the only way that is completely fair under all of the circumstances, now that we know what Robert Earl Hudson's situation is. So, today, the State will only be permitted to try Arthur Lee Hudson on count one. (T. 120)

> \* \* \*

> PROSECUTING ATTORNEY: Your Honor, I want to make sure that the State is protected on speedy trial on counts two and three.

> TRIAL COURT: You are. Let me make sure that we understand ourselves on this. Defense counsel, for purposes of the continuance and exclusion period, you are asking for a continuance, as I understand it, until a final determination has been made on Robert Earl Hudson's mental status and his competency with regard to trial?

DEFENSE COUNSEL: Yes, sir.

TRIAL COURT: Very well. Then I will exclude the time for speedy trial purposes on counts two and three as to Arthur Lee Hudson from today when I granted the motion until such time as we are notified of Robert Earl Hudson's mental status and a reasonable period for me to reset counts two and three on Arthur Lee Hudson. Defense counsel, is there anything else for Arthur Lee Hudson?

DEFENSE COUNSEL: No, sir. (T. 122, 123)

When the case was rescheduled for trial for the week of July 18, appellant did not appear, again seeking a continuance, this time on the basis of ill health. The trial was rescheduled to August 29, a period which the appellant concedes is excludable. In short, the delay in the trial of this case beyond the time allowed under A.R.Cr.P. Rule 28.1 was at the behest of the appellant and under the rationale of the *Key* and *Kennedy* cases are excludable periods.

The remaining two contentions require only brief comment. The motion for a directed verdict is not abstracted and need not be addressed. *Burgess* v. *Burgess*, 286 Ark. 497, 696 S.W.2d 312 (1985).

On August 24, 1989, appellant moved for a psychiatric examination which the court denied. In sustaining the trial court, we need look no further than the applicable statute, Ark. Code Ann. § 5-2-305 (1987):

5-2-305. Psychiatric Examination of Defendant.

(a) Whenever a defendant charged in circuit court:

(1) Files notice that he intends to rely upon the defense of mental disease or defect, or there is reason to believe that mental disease or defect of the defendant will or has become an issue in the cause; or

(2) Files notice that he will put in issue his fitness to proceed, or there is reason to doubt his fitness to proceed, the court, subject to the provisions of §§ 5-2-304 and § 5-2-311 shall immediately suspend all further proceedings in the prosecution. If a trial jury has been impaneled,

court may retain the jury or declare a mistrial and discharge the jury. A discharge of the trial jury shall not be a bar to further prosecution.

■ Neither notice contemplated by the statute was filed by the appellant and, hence, it was not error for the trial court to deny his motion.

Affirmed.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JANUARY 14, 1991

801 S.W.2d 48

CRIMINAL LAW — DEFENSE OF MENTAL DISEASE OR DEFECT — NO REASON TO BELIEVE MENTAL DISEASE WOULD BECOME AN ISSUE. — There was nothing to support the appellant's position that a psychiatric examination was warranted except the statements of defense counsel that appellant did not appreciate the seriousness of the charges against him, which counsel attributed to the fact that appellant had only a third grade education and had an unspecified medical problem which required medication, and the appellate court found that these assertions did not per se dictate a reversal of the trial court's finding that there was no sufficient basis to believe that mental disease or defect would become an issue.

Petition for Rehearing; denied.

*Bill R. Holloway*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Associate Justice. In our opinion of November 19, 1990, affirming the judgment entered pursuant to appellant's conviction on two counts involving controlled substances, we addressed three assignments of error, one of which alleged that the trial court should have granted a motion for a psychiatric examination of the appellant. Citing Ark. Code Ann. § 5-2-305 (1987), we rejected that contention, observing only that appellant had failed to file notice that he intended to rely upon the defense of mental disease or defect.

By petition for rehearing appellant correctly points out that § 5-2-305 includes an alternative provision, irrespective of such notice, that if there is reason to believe mental disease or defect will become an issue, then the trial court shall immediately suspend all further proceedings and order such psychiatric examination or examinations as may be warranted.

We concede that our opinion failed to address the substantive argument advanced by the appellant. Accordingly, we have reviewed the issue to determine whether the trial court's finding (that there was no sufficient basis to believe that mental disease or defect would become an issue) was clearly erroneous. The burden rested on the appellant [*Andrews v. State*, 265 Ark. 390, 578 S.W.2d 585 (1979)], and we find nothing in support of his position except the statements of defense counsel that appellant did not appreciate the seriousness of the charges against him, which counsel attributed to the fact that appellant had only a third grade education and had an unspecified medical problem which required medication. Accepting these assertions at face value, they do not per se dictate a reversal of the trial court's express finding to the effect, "There's just nothing in the record that the court can get its hands on to show even a reasonable suspicion, much less a probable cause, to order [a psychiatric examination]."

Rehearing denied.