## A.P. COX *v.* John LINEBERGER

90-81                                          801 S.W.2d 290

Supreme Court of Arkansas
Opinion delivered December 21, 1990
[Supplemental Opinion on Denial of Rehearing
February 18, 1991.*]

*Young, Patton & Falsom*; *Damon Young*; and *Autrey & Autrey*, by: *L. Wren Autrey*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for respondent.

STEELE HAYS, Justice. Petitioner A.P. Cox, Jr. contends he has been denied a speedy trial and brings this original action for prohibition. Cox stands charged in Miller Circuit Court with the offense of theft by receiving (case No. CR -89-630-3). When the trial court denied his motion to dismiss for want of a speedy trial, Cox sought a writ of prohibition in this court. We granted a temporary writ and requested briefs under Rule 16. Having considered the arguments, we hold the petitioner has not been denied a speedy trial.

Cox was originally charged with theft by receiving on August 21, 1987, (case No. CR-87-347). He was arrested and released on a property bond. The case was twice continued at the request of the defense and at least once at the request of the state. On the morning of September 19, 1989, before the commencement of trial, the state asked leave to introduce certain evidence which had not been furnished to the defense under a discovery order. When that request was refused the state moved for a continuance and when that, too, was denied, the state obtained permission to nolle prosequi. An identical information was filed

---

*Dudley, Hays, and Glaze, JJ., dissent.

later that same day (CR 89-630-3).

In July of 1987 A.R.Cr.P. Rule 28.1 was amended to reduce the speedy trial period from eighteen months to twelve months for defendants charged after October 1, 1987. On October 29, 1989, Cox asked the trial court to dismiss case No. CR-530-3 for want of a speedy trial, arguing that under A.R.Cr.P. Rule 28.1, as amended, he was entitled to a trial within twelve months from his initial arrest on August 24, 1987. The motion was heard on November 27, 1989, and the trial court denied the motion, finding that the speedy trial period applicable to Cox was eighteen months, that November 15, 1988, to September 19, 1989, was an excludable period and that only fifteen months of trial time had expired. Cox renews his argument by this petition for prohibition.

While Rule 28.1(c) states that a twelve month period applies to anyone charged after October 1, 1987, it makes no provision for the situation we now face—a defendant charged a second time for the same crime after a nolle prosequi. Cox was charged both *before* and *after* the rule change became effective. But nothing in the rule indicates which of the two charges should be treated as the triggering event for determining the time for trial. Consequently, in that situation there is ambiguity requiring that we construe the rule.

Cox cites *Asher* v. *State*, 300 Ark. 57, 776 S.W.2d 816 (1989), *Washington* v. *State*, 273 Ark. 82, 617 S.W.2d 3 (1981), and *Abernathy* v. *State*, 278 Ark. 250, 644 S.W.2d 590 (1983). In *Washington*, the trial court dismissed the charges because Charles and C.L. Washington were not brought to trial within three terms of court (the equivalent of eighteen months). On appeal the state argued that the time between an order of nolle prosequi and the refiling of charges should have been excluded. We rejected that argument, refusing to permit the state to use the device of nolle prosequi to subvert the speedy trial proviso, absent a showing of good cause. Here, the nolle prosequi was not taken for the purpose of tolling the speedy trial rule; the information was refiled within a matter of hours, and did not affect the time for trial. In *Abernathy*, speedy trial was not an issue; the state had nolle prossed a first degree murder charge and refiled a capital murder charge. Citing *Washington* v. *State, supra*, Abernathy argued the nolle prosequi permitted indirectly what could not be

done directly. We rejected the argument, noting that the procedure in *Washington* was in itself perfectly permissible, "it was only because the results of that procedure worked to prejudice [Washington] that we found it to be improper." In short, *Washington* and *Abernathy* have only distant resemblance to the case at bar.

■ The *Asher* case has similarities, but material differences as well. Asher was arrested on February 19, 1987, but not charged until October 7, 1987, after the amendment reducing the time had taken effect. A majority of this court held that the rule as amended was unambiguous—that Asher was charged after October 1, 1987, and, under Rule 28.2 was entitled to be tried within twelve months from the date of his arrest. In *Asher* there was only *one charge* and *one arrest*. Here there were two of each, yet the petitioner wishes to couple the charge in case No. CR-89-630-3, which occurred after October 1, with the arrest in case No. CR-87-347, which occurred before October 1. He cannot have it both ways. The evident fact is, if the charge and arrest in No. CR-87-347 are used, the time for speedy trial is eighteen months and it was not exceeded. If the charge and arrest in No. CR 89-630-3 are used, the time for speedy trial is twelve months and it was not exceeded. Under either stand petitioner has not been deprived of a speedy trial.

Moreover, the interpretation Cox proposes leads to an illogical result. Cox maintains that we must look to the charge in case No. CR-89-630-3, which occurred after October 1, 1987, and to the date of arrest in case No. CR-87-347, which occurred on August 24, 1987, and by that theory the time for speedy trial had run some thirteen months *before* the information in CR-89-630-3 was even filed. We have no hesitancy in rejecting that as not what was intended by the 1987 amendment.

Writ of prohibition denied, temporary writ dissolved.

HOLT, C.J., and NEWBERN and PRICE, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The court has obfuscated a simple case by saying that Ark. R. Crim. P. 28.2 makes no provision for the situation in which one is charged again after the first charge is nolle prossed. All one need do is read the rule. There is no doubt that Cox is to be tried on the second charge. The first

one no longer exists. The rule, subsection (a), provides that the time for trial runs "from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense . . . then the time for trial shall commence running from the date of arrest." Cox was arrested and held "on bail or lawfully at liberty" from August 21, 1987. More than 12 months have passed even counting the excluded periods.

The majority opinion states that *Washington* v. *State*, 273 Ark. 82, 617 S.W.2d 3 (1981), only distantly resembles this case because in the *Washington* case there was prejudice to the defendants resulting from the passage of time. I do not know how we can overlook the fact that in this case the only reason the charge was nolle prossed was the failure of the state to grant Cox's right to possession of certain evidence. Judge Lineberger knew the speedy trial issue would present a problem and warned the prosecutor of it when the prosecutor was considering nolle prosequi. The state made its choice in the face of the rule.

Carried to its logical end, this decision will allow the state to wait until after the deadline imposed by the rule, nolle prosequi the charge, and then claim the time begins to run with the new charge as long as the state has some reasons for doing so which is not solely to avoid the speedy trial rule as in the *Washington* decision.

More than 12 months passed. The rule is clear on when the time begins to run. I respectfully dissent.

HOLT, C.J., and PRICE, J., join in this dissent.

SUPPLEMENTAL OPINION ON REHEARING
FEBRUARY 18, 1991

803 S.W.2d 555*

---

*Justice Glaze's dissent can be found at 805 S.W.2d 947.

*Autrey & Autrey*, by: *Wren Autrey*, for appellant.

*Mary B. Stallcup*, Att'y Gen., by: *J. Denhammcclendon*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. In his petition for rehearing, A.P. Cox, Jr., has pointed out that in denying his petition for a writ of prohibition the court created an exception to Ark. R. Crim. P. 28.2., an exception which imposed unfair prejudice in his case. As he states, the Court's original opinion was premised on the fact that the Rule does not make a provision for the case in which a charge is filed, the case is nolle prossed, and the charge is filed again. Our original opinion, in effect, wrote a new provision. It should not have done so. It was a mistake of law for the Court not to follow the Rule as written. Rehearing is granted, and the writ of prohibition is granted.

Cox was twice arrested, and twice charged. His original charge was dismissed by the prosecution. He was rearrested and recharged after the 12-month speedy trial period had gone into effect. Rule 29.2.(a) provides that the time commences running:

> from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest;. . . .

Cox was arrested first August 24, 1987, and released on bail that day. He clearly was "prior to . . . [the time of the charge] . . . continuously held . . . on bail or lawfully at liberty to answer for the offense" after that date. The charge upon which he was to be tried was dated September 19, 1989, and he was rearrested on that date. The fact that Cox was rearrested does not change the fact that he was on bail for over two years and that more than 12 months of that time was clearly chargeable to the

State.

The 12-month speedy trial period applies because the charge on which he was to be tried was filed after October 1, 1987. Ark. R. Crim. P. 28.1.; *Asher v. State*, 300 Ark. 57, 776 S.W.2d 816 (1989).

The facts of this case demonstrate the unfairness of allowing the prosecution to evade the Rule by nolle prosequi to cover a mistake in failure to comply with discovery orders. A person could be under a criminal charge for a time far in excess of that permitted by the Rule, and simply by dismissing and charging him or her again, the prosecution could get a new lease on the life of the case. The provision of the rule causing the speedy trial time to run from the date of arrest where one is incarcerated or free on bail or otherwise lawfully at liberty while under charges is obviously designed to prevent such an occurrence.

Rehearing granted. Writ of prohibition granted.

DUDLEY, HAYS and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. I dissent. Neither the petitioner nor the majority court offers anything new to require reversal of this court's earlier decision. Admittedly, the makeup of this court is different than when it first decided this case on December 21, 1990. Nonetheless, Ark. Sup. Ct. R. 20(g) provides in relevant part that "the petition for rehearing should be used to call attention to specific errors of law or fact which the opinion is thought to contain . . . [T]he brief on rehearing is not intended to afford an opportunity for a mere repetition of the argument already considered by the court."

Here the petitioner offers absolutely nothing new in legal or factual argument that this court did not already studiously and carefully consider. After all, the court was merely called upon to construe or interpret one of its own rules, A.R.Cr.P. Rule 28, and this court fully understood the legal issue argued then that arose out of the fact that petitioner's case was uniquely affected by our amending Rule 28 while his case was pending, dismissed and refiled. Thus, my first point of disagreement with the new majority court is that contrary to established law, it now recognizes petitioner's simple reargument of his case as a ground for rehearing.

My next point of disagreement is that this court's December 21, 1990 decision was absolutely correct. I will not again detail this court's rationale for reaching the decision it did, since the reader can satisfy himself or herself by a review of that court's opinion at *Cox v. State*, 304 Ark. 231, 801 S.W.2d 290 (1990). However, I do point out that the petitioner's own argument to dismiss his case for violation of the Speedy Trial Rule 28 is based on inconsistent and conflicting reasoning. Petitioner was charged on August 21, 1987, and this is the date from which the Speedy Trial Rule commenced — then Rule 28 provided for an eighteen-month period. Given the undisputed excludable events that tolled or extended the eighteen-month period, the state still had three months to prosecute its charge against petitioner when it nolle prosequi its case on September 19, 1989. The state refiled the case on the same day the case was dismissed, therefore when the trial court set the case for trial on December 4, 1989, the state still was within the original eighteen-month period.

As has been pointed out, this court, on October 1, 1987, changed its Rule 28, reducing the Speedy Trial period to twelve months. Petitioner filed his petition for writ of prohibition arguing the shorter twelve-month period should apply but it should commence — not from the new September 19, 1989 refiling date when the new twelve-month period was in effect — but instead from the original August 21, 1987 charge when the eighteen-month period was in effect. In sum, petitioner is trying to have his cake and eat it, too. When applying the Rule 28 eighteen-month period in effect when petitioner was charged on August 21, 1987, no one disputes, given excludable toll periods, the December 4, 1989 trial date was within the eighteen-month period. By the same token, applying the amended Rule 28 twelve-month period in effect when petitioner was recharged on September 19, 1989, again, no one disputes the December 4, 1989 trial date was well within the reduced twelve-month period.

The only way petitioner can prevail in having his case dismissed is to apply the illogical reasoning that he is entitled to commence the new or amended twelve-month speedy trial time from the original charge date of August 21, 1987 — the date when the eighteen-month period was in operation. Why the present majority court wishes to give Rule 28, as amended, such a contorted interpretation escapes me.

Here, petitioner was not prejudiced. When he was charged on August 21, 1987, he knew the state had eighteen months to bring his case to trial. That eighteen-month period remains the one the state and the trial court used when setting the December 4, 1989 trial. That period did not expire, thus the petitioner is not entitled to dismissal of his theft by receiving charge.

This court chose to amend Rule 28 to reduce the Speedy Trial period, but we should not attempt — by what I perceive as a distorted interpretation of Rule 28 — to change the rule in midstream for the parties and trial courts that were relying on Rule 28 as it read when petitioner was first charged. If anyone was prejudiced in this case, it was the state and the trial court that were following (most reasonably I suggest) the rule in effect when petitioner was first charged. For these reasons, I disagree with this court's decision which effectively dismisses the state's case against the petitioner.

HAYS, J., joins this dissent.