John Joseph TLAPEK *v.* STATE of Arkansas

CR 91-31                                     807 S.W.2d 467

Supreme Court of Arkansas
Opinion delivered April 22, 1991

*Norwood & Smith*, by: *Doug Norwood*, for appellee.

*Winston Bryant*, Att'y Gen., *Jeff Vining*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant is seeking a writ of prohibition to dismiss on speedy trial grounds a felony charge of illegal delivery of a controlled substance filed against him in Washington County on July 14, 1988. Appellant's charge was based upon the sale of marijuana to an undercover police officer. The sale allegedly took place on July 31, 1987. Appellant was not arrested until March 17, 1990. Because of the delay between the filing of the charge and his arrest, appellant requested the trial court to dismiss the charge. After a hearing, at which the state presented no evidence, the trial court denied the motion. The trial court was wrong; therefore we grant appellant's request for a writ of

prohibition.

█ Under the speedy trial rule, a defendant charged after October 1, 1987, is entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months from the time provided in Rule 28.2, excluding such periods of necessary delay in Rule 28.3. A.R.Cr.P. Rule 28.1(c). In this case, the time for trial commences running, without demand by the defendant, from the date the charge is filed. A.R.Cr.P. Rule 28.2(a). Thus, the appellant should have been brought to trial by July 14, 1989, unless the state could prove excludable periods of necessary delay.

█ Below, the state argued that there were excludable periods under Rule 28.3(e) resulting from the absence or unavailability of the defendant. The burden is on the state to show good cause for the untimely delay. *See, e.g., Chandler* v. *State*, 284 Ark. 560, 683 S.W.2d 928 (1985). However, here on appeal, the state concedes that it failed below to prove that there were any excludable periods of time that would lengthen the twelve month period, and we agree.

Between the charge date of July 14, 1988, and the arrest date of March 17, 1990, the appellant lived in Fayetteville. While the appellant testified that he has lived at four other addresses in Fayetteville, he stated that he has lived at his present address since April of 1988. In addition, the appellant has worked at the same business for a year and a half. Furthermore, during the twenty months between the issuance of the arrest warrant and his arrest, appellant was stopped on four different occasions by the Fayetteville police for various traffic violations. During one of these stops, on September 30, 1989, the appellant was told he had an outstanding arrest warrant for illegal delivery of a controlled substance, but he still was not arrested.

There is no evidence that the appellant was unavailable or absent. In fact, not only was the appellant in Fayetteville the entire time in question, but also he was in the Fayetteville police department's presence on four separate occasions before he was finally arrested. Because the appellant's right to a speedy trial has been violated, we are compelled to grant the appellant's request for writ of prohibition, thus dismissing the felony charge against him.