## William RHODES *v.* Hon. Ted CAPEHEART, Circuit Judge

CR 92-1223 852 S.W.2d 118

### Supreme Court of Arkansas
### Opinion delivered May 3, 1993

*Honey & Honey, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This is a speedy trial case. Appellant William Rhodes was arrested and charged with Sexual Abuse in the First Degree pursuant to Ark. Code Ann. § 5-14-108 (1987) on March 29, 1990 and has not yet been tried. Rhodes filed a petition for writ of prohibition to this court on October 26, 1992 to prevent his trial pursuant to Ark. R. Crim. P. 28.1(d).

The trial court made the following findings by order or by docket entry:

| | |
|---|---|
| March 29, 1990 | Rhodes' arrest and charge-original trial date set for March 11, 1991 |
| March 1, 1991 | Rhodes' first motion for continuance granted from March 11 to April 9, 1991 |
| April 8, 1991 | Rhodes' second motion for continuance granted from April 11 to August 23, 1991 |
| August 19, 1991 | Rhodes' motion to compel discovery granted |
| August 22, 1991 | First pretrial hearing-court granted Rhodes a continuance until September 20, 1991 |

18

September 11, 1991 Second pretrial hearing

September 20, 1991 Second trial date

October 26, 1992 Rhodes filed a writ of prohibition

There is nothing in the record as to what happened on the trial date of September 20, 1991. The record, supplemental record, and three briefs filed by both petitioner and respondent fail to indicate if Rhodes appeared for trial and the docket sheet is also silent in this regard.

Rhodes argues that despite the periods excluded by the court from the speedy trial period, the State has failed to bring him to trial within one year as required by Ark. R. Crim P. 28.1(b). The State responds that Rhodes' method of calculating excludable periods for speedy trial purposes is wrong.

■ This Court will not grant a writ of prohibition unless it is clearly warranted. *Turbyfill* v. *State*, 312 Ark. 1, 846 S.W.2d 646 (1993); *Leach* v. *State*, 303 Ark. 309, 311, 796 S.W.2d 837, 838 (1990). Prohibition is an extraordinary writ and is never issued to prohibit a trial court from erroneously exercising its jurisdiction, only where it is proposing to act in excess of its jurisdiction. *Id.* at 312, 796 S.W.2d at 838 (quoting *Abernathy* v. *Patterson*, 295 Ark. 551, 750 S.W.2d 406 (1988)). Arkansas R. Crim. P. 28.1 is jurisdictional inasmuch as it requires a defendant to be brought to trial within twelve months or be absolutely discharged pursuant to Ark. R. Crim. P. 30.1(a). *Callender* v. *State*, 263 Ark. 217, 219, 563 S.W.2d 467, 468 (1978). Further, a writ of prohibition is proper to prevent a court from exercising a power not authorized by law and where there is no other remedy available. *Id.*

■ Once it was shown that trial was scheduled to be held after the speedy trial period had expired, the State had the burden of showing that any delay was the result of the petitioner's conduct or was otherwise legally justified. *Meine* v. *State*, 309 Ark. 124, 827 S.W.2d 151 (1992); *Tlapek* v. *State*, 305 Ark. 272, 807 S.W.2d 467 (1991); *Gooden* v. *State*, 295 Ark. 385, 749 S.W.2d 657 (1988); *Harwood* v. *Lofton*, 288 Ark. 173, 702 S.W.2d 805 (1986).

Rhodes' period for speedy trial began when his criminal

charge was filed on March 29, 1990. Ark. R. Crim. P. 28.2(a). *See Howard* v. *State*, 291 Ark. 633, 727 S.W.2d 830 (1987). Therefore, absent any excludable periods, he originally should have been tried no later than March 28, 1991. Three hundred and forty-eight (348) days passed from the charge to the first continuance, so the State only had seventeen (17) days to spare before the one year period ended.

In 1991, three continuances were granted by the trial court. The first continuance, from March 11 through April 9, was specifically excluded from the speedy trial period. The second continuance from April 8 through August 23 was likewise specifically excluded. A third continuance was granted by the court at the hearing on August 22 from that date until September 20, the date set for trial, with the time to be excluded. Delays resulting from continuances given at the request of the defendant are excludable in figuring the time for a speedy trial. Ark. R. Crim. P. 28.3(c). *Scroggins* v. *State*, 312 Ark. 106, 848 S.W.2d 400 (1993). Rhodes concedes that these three consecutive continuances, from March 11 through September 20, were properly charged to him and were appropriately excluded from the speedy trial period. Thus, the disputed time period begins on September 20, the date set for trial, and continues until October 26, 1992, when this writ of prohibition was filed.

At the heart of this issue is the exchange between defense counsel and the trial judge at the September 11 pretrial hearing:

> The Court: [On the speedy trial motion], we counted those days and what you're saying is that since that time because the State hadn't provided the discovery and I'm guessing at what you're saying, from the date of the last trial setting till today shouldn't be excluded because the State was at fault. Would that be your argument?

> Defense Counsel: [Yes]

> . . . .

> The Court: It would be the Court's opinion that both of you were at fault because you-all waited until the day before the trial to worry about discovery and I think that period should be excluded. I would say that State and the Defendant were both at fault and I don't think that the

speedy trial time should run from the date of the last trial until today for that reason.

Defense Counsel: If the Court please, I'm going to prepare an order to that effect and send it to the Court for your signature. Then, Judge, as a matter of mechanics, this case is set for the 20th of the month. I need to tell the Court that based upon the Court's ruling in my previous motion and in this one that I intend to file a Writ of Prohibition with the Supreme Court. I assume that it would not be possible under those circumstances to try it on the 20th.

The Court: Well, I would assume that a Writ of Prohibition being the proper remedy, that everything would stop when you filed your notice—Writ of Prohibition with the Supreme Court.

Defense Counsel: I just wanted to give the Court notice of the writ.

The Court: Just file — if you're going to do that, file it before we start calling in the jury so we won't inconvenience —

Defense Counsel: If the Court would expeditiously sign the order, I'll try to get that done this afternoon, and then if the Court would sign it and send it right back to me, then I'll file a — file a motion for writ based on that.

The Court: Well, you can mail it to me. I mean as long as I get it by, say, Monday, that will be fine.

Defense Counsel: I hope you get [the notice of the writ] in the morning and then I promise the Court that I will immediately take that step and that way we won't leave everybody wondering about it.

The Court: I don't think I have any say-so over that. I think if you file for a Writ of Prohibition that stops everything.

Defense Counsel: Okay.

 Arkansas R. Crim. P. 28.3(a) provides, in part, "The following periods shall be excluded in computing the time for trial. . .the period of delay resulting from other proceedings

concerning the defendant, including but not limited to . . . interlocutory appeals."

The State argues that because Rhodes noted in open court that the September 20 trial date be postponed so that he could proceed to file a writ of prohibition, the period between September 20 and the date the writ was filed should be excluded from the speedy trial period under Ark. R. Crim. P. 28.3(a) even though it was not filed of record during the promised time frame.

Rhodes responds that while he did indicate he intended to file a writ of prohibition, the trial court told him to file it before they started to call the jury and never actually granted a continuance. Rhodes further states:

> Petitioner then indicates that the filing would be contingent upon the entry of the Court's Order denying his Motion to Dismiss. That order was not filed until September 18, 1991. By the time Petitioner [Rhodes] received the Order by mail it was not possible to file his Petition for Writ of Prohibition by the September 20 trial date.

In reading the record we cannot accept Rhodes' interpretation of his verbal exchange with the trial court.

Although it is a basic rule of criminal procedure that the primary burden is on the court and the prosecutor to assure that a case is brought to trial in a timely fashion and a defendant has no duty to bring himself to trial, *Glover* v. *State*, 307 Ark. 1, 817 S.W.2d 409 (1991), the State met its burden under the facts before us. In *Key* v. *State*, 300 Ark. 66, 776 S.W.2d 820 (1989), we denied a petition for writ of prohibition in a somewhat analogous situation. In *Key*, a criminal defendant claimed he had not been given a speedy trial and petitioned for writ of prohibition. Within the one year period, a co-defendant moved that the trial be continued and that the original trial date be used as a date for additional pre-trial motions. During the hearing on this motion, the trial judge asked petitioner's attorney how she responded to the motion for continuance, and she responded that she had no problems with it. The motion for a continuance was granted, and the trial court announced that the case would be reset for August 1988, still within the speedy trial period. The trial court's published calendar reflected August 8-12 as trial

dates for the county where the case was pending. The trial court failed to make a docket entry or enter an order setting out the continuance as an excluded period as required by Ark. R. Crim. P. Rule 28.3(i), which provides that "[a]ll excluded periods shall be set forth by the court in a written order or docket entry."

Key argued that the failure to make a docket notation or enter a timely order was fatal to his prosecution. We stated:

> The argument ignores our recent case of *Kennedy* v. *State*, 297 Ark. 488, 763 S.W.2d 648 (1989), where we held that when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Ark. R. Crim. P. 28.3(i). Such a holding is based upon the rule that one cannot agree with a ruling by the trial court and then attack that ruling on appeal. See *Gilbert* v. *State*, 277 Ark. 61, 639 S.W.2d 346 (1982). Accordingly, we hold that the record of the trial judge's finding that a continuance should be granted, which was agreed to by the petitioner, is sufficient to satisfy the requirements of A.R.Cr.P. Rule 28.3(i). That one excluded period is sufficient to deny the petition.

*Key*, 300 Ark. at 67, 776 S.W.2d at 821.

■ We have continued to cite our holding in *Key* with approval. *Scroggins* v. *State*, 312 Ark. 106, 848 S.W.2d 400 (1993); *Hubbard* v. *State*, 306 Ark. 153, 812 S.W.2d 107 (1991); *Hudson* v. *State*, 303 Ark. 637, 799 S.W.2d 529 (1990); *McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990). *See also Henson* v. *State*, 38 Ark. App. 155, 832 S.W.2d 269 (1992) (when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Ark. R. Crim. P. 28.3(i)). Where, as here, an accused is offered a speedy trial but requests that the trial take place at a later date, and the delaying act is memorialized by a record taken at the time it occurred, he cannot complain that his right to speedy trial was denied. *Jenkins* v. *State*, 301 Ark. 586, 786 S.W.2d 566 (1990).

■ Based on this authority, we agree with the State that defense counsel's statements during the September 11, 1991

hearing had a tolling effect on the speedy trial period. Mr. Honey, Rhodes' counsel, promised to file a writ of prohibition immediately and did not do so until October 26, 1992, over one year later. Rhodes cannot now complain that he was not given a speedy trial when it was the actions of his own counsel that delayed trial.

To point out the obvious, our trial judges have demanding dockets and quite often sit at different courthouses within their circuit during any given week. There are several judicial districts which do not furnish either case coordinators or secretaries for use by the trial courts. These are but a few additional reasons why the trial court must be able to rely on counsels' assurances when made in open court. Likewise, it would be inappropriate to charge the trial court or the State with the responsibility of monitoring an attorney's representations to the court.

In short, an attorney must be held responsible for his word. Rhodes' attorney's promise to the trial court that he would immediately take steps to file his petition for writ of prohibition is sufficiently memorialized in the record to satisfy our speedy trial rules.

Writ denied.