Lonnie Ray JOHNSON v. STATE of Arkansas

CR 86-49                                             717 S.W.2d 805

Supreme Court of Arkansas
Opinion delivered October 20, 1986
[Rehearing denied November 24, 1986.]

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Robert C. Compton*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Lonnie Ray Johnson has appealed from two life sentences imposed on his convictions for the rapes of Sandra Johnson and Shelly Davis. We affirm the judgment of the trial court.

Johnson first argues the trial court should have granted his motion in limine to prevent his being asked on cross-examination, should he have elected to take the stand, whether he had been convicted of the crime of rape. The trial court denied the motion and Johnson did not take the stand. He urges that the prejudicial aspect of an earlier conviction, in 1980, for the same crime for which he was being tried would be particularly prejudicial and would outweigh any probative value. Arkansas Rules of Evidence 403; *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980). However, we need not decide whether the trial court correctly balanced the competing interests in denying the motion in limine, because neither Johnson nor his attorney represented to the trial court that if the motion were upheld he would testify in his own behalf.

In *Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680 (1983), we recognized that a defendant may file a motion in limine for an advance ruling that he not be cross-examined about previous convictions when, in fact, he had no intention of testifying at all, hoping to lead the trial judge into reversible error. Our solution was to adopt the course approved in *United States* v. *Cook*, 608 F.2d 1175 (9th Cir. 1979):

> In future cases, to preserve the issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand

and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609.

Here, Johnson did not assert he would take the stand and made no record of what his testimony would be, even though the trial court took the motion under advisement until the state had rested. The point, therefore, was not preserved for review.

Johnson's counsel concedes in oral argument his failure to follow the steps set out in *Simmons* v. *State, supra*, but insists the record itself establishes that Johnson would have taken the stand in his own behalf but for the threatened cross-examination. He cites page 184, where we find remarks of the prosecutor, arguing to the trial court against the motion in limine:

> You have a set of witnesses that say one thing happened, the rape occurred, and Mr. Johnson *if he elects to testify*, would say the rape did not occur. (Our italics).

This conjectural observation by a prosecutor speculating as to what the defendant might say if he were to testify, is not what was contemplated by the opinion in *Simmons* v. *State, supra*. The defendant must, in good faith, assure the trial court he intends to testify and must outline the gist of his testimony so that the trial court and appellate court, if need be, can assess the merits of the motion.

Johnson next maintains the two counts of rape should have been severed "to promote a fair determination of the defendant's guilt or innocence of each offense." A.R.Cr.P. 22.2(b)(i). Citing *Laird* v. *State*, 251 Ark. 1074, 476 S.W.2d 811 (1972) and *Teas* v. *State*, 266 Ark. 572, 587 S.W.2d 28 (1979), he concedes the crimes were of a similar character, but denies they were part of a single scheme or plan.

The state's proof included the testimony of Sandra Johnson, Shelly Davis and Nord Bonner, eyewitnesses to the events of that evening. Their testimony was notably in agreement in substance and in detail. Nord Bonner said he, Johnson, Ricky Westbrook and Robert Tatum drove to Tale's, a beer joint in El Dorado, in Tatum's Cadillac. After drinking beer for two or three hours they went to the Continental Club. There Bonner stayed in the car

listening to the radio while the others went inside. Later, Johnson came out and said he had Tatum's permission to use the car, so Johnson and Bonner drove around. Eventually, they picked up Sandra Johnson and Shelly Davis outside another night spot and Johnson drove toward Strong where he said he could get some marijuana.

Bonner said Johnson was driving fast and acting strangely. The girls, he said, began "hollering and carrying on" and asked to be taken back to El Dorado. Johnson refused and told them to be quiet or he'd kill them, reaching under his seat as though to retrieve a gun. Bonner said he too was afraid.

At the end of a dark road Johnson ordered both women to take off their clothes, again reaching under the seat when they hesitated. Johnson alternately raped and sexually abused both women. One of the victims managed to escape by running into the woods and Johnson drove to another location where he raped the other victim once more and ordered her to perform oral sex on Bonner over Bonner's protest. She, too, finally escaped. One of the victims was picked up by motorists and the other ran to a dwelling for assistance. Both reported the crimes immediately and exonerated Bonner of any involvement. Bonner also went directly to the police.

■■ Clearly, these offenses were part of a single criminal episode. The victims were picked up together, ordered simultaneously to remove their clothing, driven together to a remote location where they were by turn raped and otherwise abused until one escaped. A.R.Cr.P. Rule 21.1(b) permits the joinder of two offenses when they "are based on the same conduct or on a series of acts connected together. . . ." The Commentary to Rules 21, 22 and 23 states they are designed "to promote expeditious disposition of criminal cases" without resulting in prejudice to the defendants and without unreasonably restricting the trial court's discretion in finding the right balance between the two opposing interests. We think the offenses here were plainly connected in time, situs, and character, and were subject to joinder. *Henry* v. *State*, 278 Ark. 478, 647 S.W.2d 419 (1983), cert. denied, 464 U.S. 835 (1983); *Ruiz and Denton* v. *State*, 273 Ark. 94, 617 S.W.2d 6 (1981).

Finally, Johnson complains that his cross-examination of

Sandra Johnson was curtailed in that he was not permitted to ask how she supported herself and a daughter, being unemployed and unmarried. Whether the question was disallowed on the basis of relevancy or the rape shield statute (Ark. Stat. Ann. § 41-1810.1 et seq. (Repl. 1977 and Supp. 1985) is not clear; however, an in-chambers proffer showed that Ms. Johnson was supported by her fiance, thus the excluded proof was of no consequence whatever. Arkansas Rules of Evidence 103(a).

Affirmed.