Arnold James McCONAUGHY *v.* STATE of Arkansas

CR 89-205                                   784 S.W.2d 768

Supreme Court of Arkansas
Opinion delivered February 26, 1990

*Mary Ann Gunn*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

Tom Glaze, Justice. This is an appeal from the appellant's conviction for robbery and theft of property of a E-Z Mart in Springdale, Arkansas, on March 14, 1988. Appellant was sentenced under the habitual offender provision and received a sentence of forty years imprisonment for the robbery conviction and ten years imprisonment for the theft conviction. The sentences were ordered to run concurrently. For reversal, the appellant argues the trial court committed error in denying 1) his motion to dismiss on speedy trial grounds, and 2) his motion to suppress two photographic lineups and the victim's identification of the appellant. We find no error, and thus affirm.

On March 17, 1988, the appellant was arrested and charged by information for the robbery and theft of the E-Z Mart. At his arraignment on March 29, 1988, the appellant entered a plea of not guilty, and the trial date was set for June 2, 1988. On the day set for trial, the appellant changed his plea to not guilty by reason of mental disease or defect. Upon the change of the appellant's plea, the trial court properly entered an order to commit the appellant to the State Hospital for examination. *See* Ark. Code Ann. § 5-2-305 (Supp. 1989). In the order, dated June 2, 1988, the trial judge stated that the examination and observation

should not exceed thirty (30) days. A docket entry was made to reflect this order.

On December 1, 1988, the trial court received a letter from the State Hospital stating that the appellant was committed to the hospital on November 8, 1988, and that he was now ready to return to court for disposition. After receiving this letter, the trial court entered an order on December 7, 1988, directing that the appellant be brought before the court for trial on "call of the court." This order is noted on the docket. On March 23, 1989, the appellant filed his motion to dismiss on speedy trial grounds pursuant to A.R.Cr.P. Rule 28.2. His motion was dismissed, and the appellant was tried on March 27, 1989.

Under A.R.Cr.P. Rule 28.1, the state had twelve (12) months from the time provided in Rule 28.2 to bring the appellant's case to trial, excluding only such periods of necessary delay as provided for in Rule 28.3. Both sides agree that the time for trial commenced running on March 17, 1988. Appellant was tried ten (10) days after the twelve (12) month deadline.

■■ Once it is shown that the trial was held after the speedy trial period set out in Rule 28.1 had expired, the state has the burden of showing that any delay was the result of the appellant's conduct or was otherwise legally justified. *See Gooden v. State*, 295 Ark. 385, 749 S.W.2d 657 (1988). We hold that the state has met this burden. Pursuant to Rule 28.3(a), the period of delay resulting from an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial is excludable. Here, the appellant was committed at the State Hospital for observation and examination for a period of twenty-three (23) days. Since the appellant was tried only ten (10) days after the twelve (12) month trial deadline, this twenty-three (23) day excludable period is more than enough to bring the state in compliance with the speedy trial rules.

■■ In so holding, we note the appellant's argument that the trial court failed to make a written order or docket entry noting the number of days of the excluded period in compliance with Rule 28.3(i). We have stated that a trial court should enter written orders, or make docket notations at the time continuances are granted to detail the reasons for the continuances and to specify to a day certain the time covered by such excluded

periods. *Cox* v. *State*, 299 Ark. 312, 772 S.W.2d 336 (1989). But, a trial court's failure to comply with Rule 28.3(i) does not result in automatic reversal. We have held that when a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3(i). *See Key* v. *State*, 300 Ark. 66, 776 S.W.2d 820 (1989); *Kennedy* v. *State*, 297 Ark. 488, 763 S.W.2d 648 (1989).

Here, the record clearly reflects that on the original trial date, the appellant delayed the proceedings by changing his plea to not guilty by mental disease or defect. The docket reflects that the trial judge entered an order to commit the appellant to the State Hospital for not more than thirty (30) days. Further, the record shows that the appellant was not able to be committed to the State Hospital until November 8 due to a waiting list, and that he was at the hospital for examination and observation for twenty-three (23) days. Hence, we hold that the record is sufficient to satisfy the requirements of Rule 28.3(i).

In the second issue, the appellant argues that the trial court erred in refusing to suppress the store clerk's pretrial identification of the appellant from two photographic lineups. Specifically, the appellant contends that under the totality of the circumstances the identification procedures were so impermissibly suggestive as to give rise to the substantial likelihood of irreparable misidentification. We disagree.

Linda Lance was the store clerk on duty the morning the robbery occurred. She stated that the robber had come in earlier that morning to buy a Coke. On returning to rob the store, the robber had a conversation with the store clerk, which gave her the opportunity to observe him for several minutes. She described the robber as being in his thirties, 5'11" in height with brownish-blonde hair and blue eyes, slim build, and wearing a brown jacket and a baseball cap. Officer David Dodson prepared two separate photographic lineups. The first lineup contained pictures of six men. All of the men had mustaches, brownish-blonde hair and blue eyes, and rather slender faces. The second lineup contained pictures of the appellant and two other men wearing baseball caps. One of these men had a beard and the other had a rather full face. The appellant is the only man whose photograph appeared

in both lineups.

The day after the robbery, Lance went to the police station to attempt to identify the robber. There is uncertainty on how the identification process was conducted at the station. The appellant suggests that Lance was shown both lineups at the same time. Officer Dodson testified that Lance was shown the first lineup, and she positively identified the appellant as the robber. Then, according to Dodson, she saw the second lineup by mistake while he was shuffling some papers around his desk. After seeing this lineup, she again identified the appellant as the robber. Lance testified that she was shown both lineups and identified the appellant as the robber in each one, but she was unable to recall how the lineups were shown to her.

We have stated that it is for the trial court to determine if there are sufficient aspects of reliability surrounding the identification to permit its use as evidence and then it is for the jury to decide what weight the identification testimony should be given. *Wilson* v. *State*, 282 Ark. 551, 669 S.W.2d 889 (1984). Further, we do not reverse a trial court's ruling on the admissibility of identification evidence unless it is clearly erroneous and do not inject ourselves into the process of determining reliability unless there is a very substantial likelihood of irreparable misidentification.

Here, in ruling on the motion to suppress, the trial court was presented with a swearing match between the appellant's allegation and Officer Dodson's testimony. The trial court apparently believed Officer Dodson's testimony that the clerk was shown the first lineup, by itself, from which she made a positive identification of the appellant, and we cannot say this ruling is clearly erroneous. While we may agree with the appellant's contention that the second lineup was suggestive, it would not taint the clerk's separate identification of the appellant from the first lineup.

Further, we have held that even if the identification technique used is impermissibly suggestive, testimony concerning it is admissible if the identification in question is reliable. *Maulding* v. *State*, 296 Ark. 328, 757 S.W.2d 916 (1988). Reliability is the linchpin in determining the admissibility of identification testimony, and the following factors must be

examined to determine reliability: 1) the opportunity of the witness to view the criminal at the time of the crime, 2) the witness's degree of attention, 3) the accuracy of the prior description, 4) the level of certainty, and 5) the time lapse between the crime and confrontation. *Id.* The reliability of the clerk's identification has been shown here. As stated before, the appellant had several minutes during the crime to observe the robber and gave a description to the police. When she went to the police station the next day, she positively and quickly identified the appellant as the robber.

For the reasons stated above, we affirm.