Richard Lee McMILLAN a/k/a Richard Lee McMillen *v.*
Honorable Francis T. DONOVAN

CR 89-134                                               784 S.W.2d 752

Supreme Court of Arkansas
Opinion delivered February 26, 1990

*Helen Rice Grinder*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This case involves former (double) jeopardy.

On December 20, 1988, the appellant, Richard Lee McMillan, was charged by grand jury indictments with one count of conspiracy to commit theft of property and one count of accomplice to capital felony murder. In addition, he was charged with four other counts: two counts of conspiracy to commit burglary and two counts of conspiracy to commit aggravated robbery.

The trial court initially joined all of the charges to be tried on March 7, 1989. McMillan then filed a motion to sever the conspiracy to commit theft of property and accomplice to capital felony murder charges from the four other counts with which he was charged. The trial court, however, severed all of the charges.

McMillan was convicted of all of the conspiracy counts, but the charge of accomplice to capital felony murder remains.

On June 30, 1989, McMillan submitted a motion requesting that the accomplice charge be dismissed on the grounds of former jeopardy. The trial court denied the motion, but reduced the charge to accomplice to first degree murder. McMillan then filed a petition for writ of prohibition with this court. It was temporarily granted, with instructions to remand to the trial court to make specific findings of fact and conclusions of law as to the issue of former jeopardy.

The trial court submitted its findings and order to this court, which McMillan attacks on four points of error. Since we find reversible error in McMillan's claim that the trial court erred in dismissing his motion to dismiss on the basis of former jeopardy grounds, we will limit our discussion to that point of error. In doing so, we will treat the trial court's denial of a plea of double jeopardy as a final and appealable order. *Beard, Morrison &*

*Cook* v. *State*, 277 Ark. 35, 639 S.W.2d 52 (1982) (citing *Jones* v. *State*, 230 Ark. 18, 320 S.W.2d 645 (1959)).

Arkansas R.Cr.P. 21.3 addresses the failure to join related offenses and provides in pertinent part as follows:

> (a) Two (2) or more offenses are related offenses for the purposes of this rule if they are within the jurisdiction and venue of the same court and are based on the same conduct or arise from the same criminal episode.

> (b) When a defendant has been charged with two (2) or more related offenses, his timely motion to join them for trial shall be granted unless the court determines that because the prosecuting attorney does not have sufficient evidence to warrant trying some of the offenses at that time, or for some other reason, the ends of justice would be defeated if the motion is granted. A defendant's failure to so move constitutes a waiver of any right of joinder as to related offenses with which the defendant knew he was charged.

> (c) A defendant who has been tried for one (1) offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in subsection (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

In *Cozzaglio* v. *State*, 289 Ark. 33, 709 S.W.2d 70 (1986), we recognized that this rule has three requirements: 1) the offenses must be within the jurisdiction of the same court, 2) arise from the same conduct or criminal episode, and 3) a timely motion to join must be made.

In this case, McMillan, a Conway Police Officer, conspired with Kenneth Clements to steal a flatbed trailer from a parking lot. In the course of stealing the trailer, Clements shot and killed a police officer. McMillan was not physically present during the commission of the theft and murder, because he was on duty at

the police department.

After McMillan was charged with the offenses of conspiracy to commit theft of property and accomplice to capital felony murder, he submitted the following motion to the trial court:

## MOTION FOR SEVERANCE OF OFFENSES

Comes the defendant, Richard Lee McMillan, by his attorney, Helen Rice Grinder, and for his Motion for Severance of Offenses made pursuant to the Arkansas Rules of Criminal Procedure, Rule 22.2, states as follows:

1. That the defendant is charged by indictment as an accomplice to capital felony murder and with five conspiracies. Only one conspiracy charge, Conspiracy to Commit the Theft of a flatbed trailer, is related to the accomplice charge. The other conspiracy charges are not the same or similar in character or related to the accomplice charge.

2. Severance of the accomplice charge and the conspiracy to commit theft charge, from the other charges, is necessary due to the complexity of the evidence which will be offered at trial. Severance is also necessary for a fair determination of the innocence or guilt of the defendant due to the number of charges.

The trial court granted this motion; however, it also severed the conspiracy to commit theft of property charge from the accomplice to capital felony murder charge.

McMillan's subsequent conviction of conspiracy to commit theft of property serves as the basis for his motion to dismiss the accomplice to capital felony murder charge according to Rule 21.3.

In *Cornett* v. *Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987), we stated that:

[c]ourts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek. It would not be in the interest of justice and fair play to be blindly guided by the title of a motion or pleading. We continue to abide by the well-established rule that a pleading will not be judged entirely by what it is labeled

but also by what it contains.

The conspiracy to commit theft of property charge and the accomplice to capital felony murder charge are within the jurisdiction of the Faulkner County Circuit Court. The offenses concededly arise from the same criminal episode. In deciding whether a timely motion to join was made, we consider that McMillan's motion, although entitled "Motion for Severance Of Offenses," plainly shows on its face that McMillan intended that the two charges be joined together and that they also be severed from the remaining four charges.

In his brief, the Attorney General concedes that "the face of this motion plainly shows that it was McMillan's intention to have joined the conspiracy charge involving the theft of a flatbed trailer . . . and the murder charge . . . and that the Faulkner County Circuit Court erred in denying McMillan's motion to dismiss . . . ."

We agree.

Consequently, we dissolve the temporary stay of the writ of prohibition, reverse the judgment of the trial court, and order the trial court to dismiss the charge in accordance with this opinion.

HICKMAN, HAYS, and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. In this criminal case the state concedes error. The state is wrong and unfortunately this court has failed to correct that wrong.

The majority opinion fairly sets out the facts and law, but I believe the court misconstrues and misapplies A.R.Cr.P. Rule 21.3 in reaching its result. Rule 21.3 reads as follows:

(a) Two (2) or more offenses are related offenses for the purposes of this rule if they are within the jurisdiction and venue of the same court and are based on the same conduct or arise from the same criminal episode.

(b) When a defendant has been charged with two (2) or more related offenses, *his timely motion to join them for trial shall be granted* unless the court determines that because the prosecuting attorney does not have sufficient evidence to warrant trying some of the offenses at that

time, or for some other reason, the ends of justice would be defeated if the motion is granted. A defendant's *failure to so move constitutes a waiver of any right of joinder* as to related offenses with which the defendant knew he was charged.

(c) A defendant who has been tried for one (1) offense may thereafter move to dismiss a charge for a related offense, *unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in subsection (b).* The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted. (Emphasis added.)

Everyone agrees that two of the six offenses with which appellant was charged were related, *viz.*, one count of conspiracy to commit theft of property and one count of accomplice to capital felony murder. When appellant moved on January 10, 1989, to sever the four unrelated offenses, the trial court erroneously severed, as well, the conspiracy theft of property charge. Appellant never objected to this unrequested judicial act, nor did he later move to join both the conspiracy theft of property offense with the capital felony murder charge so they could be tried together. Instead, appellant stood mute, on the issue, defended later unsuccessfully against the conspiracy theft charge (for which he received *no* sentence) and then moved to dismiss the capital murder charge because it had not been joined and tried together as required under Rule 21.3.

Rule 21.3 places the burden on the appellant to move to join related offenses and if he fails to do so, he waives his right of joinder. *See also Cozzaglio v. State,* 289 Ark. 33, 709 S.W.2d 70 (1986). Here, appellant never moved for joinder of the two related offenses—those who had already been joined with four other offenses. Instead, he moved to sever those four unrelated offenses from the two related ones and the judge severed one too many. Somehow, the majority concludes that the appellant met his burden because his motion to sever also contained a motion to

join. I thoroughly disagree. But even if this were so, the appellant failed to get a ruling from the trial judge on the motion to join. As we have stated numerous times, the burden to obtain a ruling is on the movant, and questions left unresolved are waived and may not be relied upon on appeal. *See, e.g., Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986). The burden, in these circumstances, should be no less in our review of an appellant's request for a writ of prohibition.

I submit that if the prosecutor had separately filed those same six charges against the appellant, and the appellant failed to move to join the two related crimes, the court would hold appellant waived his right of joinder. In this case, the trial court erred—not the prosecutor—when severing all the offenses, and I strongly believe the appellant had the affirmative duty to request the court to join the two related offenses as a prerequisite to his requesting dismissal later, citing double jeopardy as his reason.

The Arkansas Rules of Criminal Procedure are intended to provide for a just, speedy determination in every criminal proceeding. We are bound to construe them so as to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense and to protect the fundamental rights of the individual while preserving the public interest.

In the present case, appellant's fundamental rights could have been preserved if he had requested the related conspiracy theft and murder charges to be tried together. If, after such a request, the trial judge denied such joinder, appellant clearly would have grounds to claim double jeopardy and dismissal of the second related charge. Here, appellant made no such request regardless of how the majority may characterize the appellant's motion to sever. This court's failure to require the appellant to comply with the plain language of Rule 21.3, in my view, ignores the public's interests in this matter. The appellant observed the trial court's error in its ruling, he never objected nor did he ask the court to correct its mistake by joining the two related offenses. I would deny appellant's request for writ of prohibition.

HICKMAN and HAYS, JJ., join this dissent.