Richard Lee McMILLEN *v.* STATE of Arkansas

CR 90-5                                                792 S.W.2d 315

Supreme Court of Arkansas
Opinion delivered July 2, 1990

*Helen Rice Grinder*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This case is the third one involving the appellant that has reached us for review. Each case arose out of a series of crimes that occurred in Faulkner County over a six-month period. Appellant, a police officer, was charged with being involved in this criminal activity with another officer, Randy Dean Leach, and a Kenneth Ray Clements. As a result of various motions and court rulings, appellant was charged and scheduled for trial separately on (1) conspiracy to commit theft of a trailer; (2) accomplice to capital felony murder; and (3) another conspiracy that included four offenses involving burglaries at Unique Fashions, and at a residence (Wilkerson), and aggravated robberies at J.C. Penney's and of a Wal-Mart courier.[1]

Appellant was tried and convicted first on the conspiracy to commit theft of a trailer on May 10, 1989. Although he was found guilty, appellant received no sentence. Appellant appealed the conviction to our court, but later withdrew his appeal, and we dismissed it on March 26, 1990. However, while that appeal was pending, appellant successfully challenged the accomplice to murder charge on double jeopardy grounds. *McMillan v. Donovan*, 301 Ark. 393, 784 S.W.2d 752 (1990). The conspiracy charge concerning the four felony offenses was tried commencing May 31, 1989, and appellant was convicted on June 1, 1989, and sentenced to no years and a $7,000 fine from which he lodged this appeal. Appellant again claims double jeopardy, arguing that this conspiracy should have been merged with the earlier conspiracy

---

[1] The murder charge was later reduced to first degree murder.

to commit theft charge with which he had already been tried and convicted.

In support of his argument, appellant cites Ark. Code Ann. § 5-3-403 (1987) which provides as follows:

> If a person conspires to commit a number of criminal offenses, he commits only one (1) conspiracy if the multiple offenses are the object of the same agreement or continuous conspiratorial relationship.

In sum, appellant argues that the same agreement or continuous conspiratorial relationship involved the trailer theft for which he was convicted earlier and the four offenses involved here. In addition to § 5-3-403, he cites *Braverman* v. *United States*, 317 U.S. 49 (1942), wherein the petitioners were indicted on seven counts of conspiracy, each charging a violation of a separate and distinct internal revenue law. In holding that the petitioners should have been charged with only one count of conspiracy, the Supreme Court stated the following:

> For when a single agreement to commit one or more substantive crimes is evidenced by an overt act, as the statute requires, the precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects. Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one. The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for "The conspiracy is the crime, and that is one, however diverse its objects."

In view of *Braverman* and the General Assembly's adoption of § 5-3-403, the law seems well settled that a "single agreement" or "continuous conspiratorial relationship" constitutes a single conspiracy offense whether intended to culminate in distinct offenses or in successive violations of the same statute. Section 5-3-403 clearly precludes more than one conspiracy prosecution as a result of a single agreement or relationship. *See*

Original Commentary to § 5-3-403.

Here the trial court determined that the conspiracy to commit theft of the trailer involved a separate agreement and relationship from the other four offenses that the trial court merged into the conspiracy count now the subject of this appeal. We find nothing in the record to support that view.

Although the state notes that it does not wish to concede error, it acknowledges that if the evidence reflects the appellant was involved in a relationship with Clements *and* Leach, then that relationship was both continuous and conspiratorial. The evidence does, indeed, reflect such a relationship. The state's evidence bearing on this point consists largely of appellant's statement given to the police on November 11, 1988, and the testimony of Kenneth Clements' wife, Denise.

The appellant's statement was a forty page interview wherein appellant gave a rather disjointed outline of his relationship with Clements and Leach. During his discourse, he explained that, as a deputy sheriff, he first knew Clements when Clements was incarcerated in the Faulkner County jail. He became reacquainted with Clements later when Clements' wife was booked for shoplifting. He continued to see Clements and talked to him concerning the robberies and burglaries of certain businesses and a residence. Appellant conceded that, during their conversations, they discussed pulling a burglary and robbery and splitting the take, but he never admitted that he received anything or that he physically participated in a crime. The Wilkerson residence, the Wal-Mart courier, J.C. Penney's and Unique Fashions were mentioned during these men's meetings, and while each of these places was apparently robbed or burglarized, appellant never conceded that he was actively involved or participated in these crimes. From reading the appellant's statement, the discussions, concerning the places robbed or burglarized, took place sometimes before and, in others, after the crimes were committed. Appellant admitted that he and Leach were aware that Clements was involved in illegal activity and that appellant led Clements to believe that if appellant was in a position to do so, he would "turn [his] head." Appellant, in his statement, said that he told Clements that Leach needed a trailer, and did not expect to pay for one. Subsequently, a camper trailer

and flat bed trailer were stolen from Loveless Tractor Company and an officer was killed during the theft. Clements immediately became a suspect for these crimes, and appellant, knowing Clements had the camper, informed his superior officers of this fact.

Denise Clements testified as to her husband's contacts with appellant and related that Clements told her about the crimes he planned on committing. She gave some specifics surrounding the Wal-Mart courier crime and indicated an agreement existed between Clements, Leach and the appellant and that Leach or appellant would be on duty when the robbery occurred and they would shoot at, but not hit, Clements. She also offered knowledge that she had concerning the J.C. Penney's crime. She added that none of the conspiracies were completed.

■ From our study of the above evidence and the remainder of the record before us, we are unable to find anything to support the trial court's finding that more than one agreement or conspiratorial relationship existed between the appellant, Leach and Clements when they conspired to commit the trailer theft and the four other crimes involving J.C. Penney's, Unique Fashions, the Wilkerson residence and the Wal-Mart courier. Nor does the state point to any evidence that suggests these parties entered into a separate agreement to commit the trailer theft. As a consequence, we must reverse and dismiss the conspiracy conviction before us now since it should have been merged with the conspiracy crime involving the trailer theft for which appellant was previously convicted.

■ We should note that at trial, the prosecutor distinguished the present conspiracy charge from the trailer conspiracy charge by arguing the theft of the trailer had been completed while the other four crimes had not. While that appears to be true, such a distinction has nothing to do with whether all of the conspiracy charges were required to be merged under § 5-3-403. This distinction is important, however, when considering what charges may be brought against a person who conspired to commit a crime and later that crime was consummated.

■ As is noted in the Original Commentary to § 5-3-403, if multiple substantive offenses are committed pursuant to a single conspiracy, a conspirator may be prosecuted for each separate

substantive offense in which he is a principal or an accomplice.[2] Thus, in the present case, the state could prosecute only one count of conspiracy involving the five various crimes but when one or more of the crimes are committed, the conspirator may be prosecuted for each separate substantive offense in which he or she is a principal or accomplice. In any event, the two cases before us now concern conspiracy charges only and the distinction made by the prosecutor simply is not applicable.

For the reasons given above, we reverse and dismiss.

---

[2] Ark. Code Ann. § 5-3-403 (1987) provides that a person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:

(1) Solicits, advises, encourages, or coerces the other person to commit it; or

(2) Aids, agrees to aid, or attempts to aid the other person in planning or committing it; or

(3) Having a legal duty to prevent the commission of the offense, fails to make proper effort to do so.