Reginald REED *v.* STATE of Arkansas

CA CR 90-243 814 S.W.2d 560

Court of Appeals of Arkansas
Division I
Opinion delivered September 18, 1991

*Gibson & Deen*, by: *Thomas D. Deen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Reginald Reed appeals from his convictions of burglary and theft of property, for which he was fined $5,000.00. He contends that the trial court erred in denying his motion to dismiss for failure to grant him a trial within twelve months of the date of his arrest. We agree and reverse.

Appellant was charged by separate informations with having committed two counts of both burglary and theft. One episode occurred on November 23, 1988, and was referred to in the proceedings as the "Andrews burglary." The second one, which is the subject of this appeal, occurred on November 30, 1988, and was referred to as the "Wells Oil Company burglary." Appellant

was arrested for both criminal episodes on December 7, 1988, and both parties agree that the twelve-month period allowed for a speedy trial began running on that date, subject to any excludable periods as provided in the Arkansas Rules of Criminal Procedure.

The Andrews burglary and theft charges were tried first and resulted in a hung jury and mistrial on October 24, 1989. There, after the court had declared the mistrial, the question of the continuance of the existing bond was discussed. The court stated:

> Now, the — Is there anything else really that we need to do? I guess the next move is up to the State, if any, *as to whether or not to ask for another trial after a new jury is impaneled after the first of the year.*
>
> . . . .
>
> Mr. Reed [appellant], you've been in the courtroom. You've heard that the jury has been unable to reach any verdict one way or the other in your case. You are not discharged. You are still subject to possible retrial on *this case* [Andrews burglary]. But Mr. Deen [appellant's attorney] will notify you when and if any order for another jury trial in *this case* [Andrews burglary] is entered.
>
> That trial could not occur until after January 1st when we impanel a brand new jury in this county.
>
> All right. Ladies and gentlemen, court is adjourned, then. Thank you very much. [Emphasis added.]

The trial judge then made an entry, not in the official criminal docket, but in his so-called "pocket docket," which he maintained for his own use in order to keep him abreast of the status of the cases in the various counties of his district. That "pocket docket" entry *to the Andrews case*, dated October 24, 1989, provided: "10/24/89—2/21/90 excluded to permit trial of R. Reed in CR-89-11-2MC [Wells Oil Company burglary]."

On January 10, 1990, appellant filed his motion to dismiss the Wells Oil Company charges for failure to afford him a trial within twelve months as required by Ark. R. Crim. P. 28.1(c). At a hearing held on appellant's motion on February 15, 1990, it was shown that no written orders had been entered or docket entries

made on the official criminal docket excluding any period of time for purposes of extending the time for speedy trial. At that same hearing, however, the record in this case (Wells Oil) was supplemented by including those portions of the record from the Andrews burglary trial quoted in the preceding paragraph. At the conclusion of the hearing, the trial court denied appellant's motion to dismiss, excluding the period of time from October 24, 1989 to February 20, 1990, on the following finding:

> This case [Wells Oil Company burglary] and defendant's companion felony case [Andrews burglary] were both set for trial October 24, 1989. The other case [Andrews] was tried to the jury, necessitating a continuance in this case [Wells Oil] until a new jury panel was available after January 1, 1990.

> This court's first time to be in the McGehee District of Desha County after January 1 will be February 20, 1990. Trial of this case [Wells Oil] is set for February 21, 1990.

> Per the court's order entered today, 119 days from October 24, 1989, to February 20, 1990, are excluded from "speedy trial" in this case [Wells Oil], extending the deadline for trial to April 5, 1990.

On the same date that appellant's motion was denied, February 15, 1990, the trial court made the following entry to the Wells Oil Company burglary case in his "pocket docket": "10/24/89—2/20/90 excluded from S.T. due to trial of 89-14-2MC [Andrews burglary] & need for new jury panel for 89-11-2MC [Wells Oil Company burglary]." On February 21, 1990, appellant was tried, convicted, and sentenced for the Wells Oil Company burglary and theft, and this appeal follows.

Appellant contends that the court's oral ruling and pocket-docket entry made at the February 15, 1990, hearing on his motion to dismiss were insufficient to extend the speedy-trial period because they were not made until after the period had expired and after the appellant's motion to dismiss was filed. We agree.

██ When compared to the facts of this case, the applicable

rules are relatively clearly established. Rule 28.1(c) of the Arkansas Rules of Criminal Procedure provides:

Any defendant charged after October 1, 1987, in circuit court and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of *necessary* delay as are authorized in Rule 28.3. [Emphasis added.]

Rule 28.2 provides in pertinent part:

The time for trial shall commence running, *without demand by the defendant*, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest. . . .[Emphasis added.]

Rule 28.3 provides in pertinent part:

The following periods shall be excluded in computing the time for trial:

(a) The period of delay *resulting from* other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals, and trials of other charges against the defendant. [Emphasis added.]

. . . .

(i) All excluded periods shall be set forth by the court in a written order or docket entry.

Once it has been shown that the trial is to be held after the speedy trial period has expired, the State has the burden of showing that

any delay was the result of the appellant's conduct or that it was otherwise legally justified. *McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990).

 Here, we do not need to decide whether the court's February 15, 1990, "pocket docket" entry to the Wells Oil case was a "docket" entry of the type contemplated by Ark. R. Crim. P. 28.3(i). Although not expressly stated in the rule, the supreme court has said that "a court should enter written orders or make docket notations *at the time continuances are granted to detail the reasons for the continuances* and to specify, to a day certain, the time covered by such excluded periods." *Hicks* v. *State*, 305 Ark. 393, 397, 808 S.W.2d 348, 351 (1991) (emphasis in original); *see also McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990). The court has also said that this language must be adhered to in order to provide any impetus behind Rule 28.3 *Hicks* v. *State, supra.* Here, the entry was made several months after the delay occurred, two months after the twelve-month period had elapsed, and six weeks after appellant filed his motion to dismiss. As such, it was untimely and ineffectual. *See Hicks* v. *State, supra.*

The State contends that the lack of any timely written orders or docket entries is not fatal in this case. It argues that the court's pronouncements at the close of the Andrews case and the pocket-docket entry relative thereto were sufficient to constitute a "memorialization in the record" within the meaning of *Key* v. *State*, 300 Ark. 66, 776 S.W.2d 820 (1989). We cannot agree.

 *Key* holds that when a case is delayed *by the accused* and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy Ark. R. Crim. P. 28.3(i) and to allow the time to be attributed to the defendant. *See also Hicks* v. *State, supra.* Here, trial of the Wells Oil case was not delayed by appellant. While it might be prudent in some instances for a defendant to request a continuance of this trial in one case because of a hung jury in a separate case, that was not done here. The continuance was ordered on the court's own motion in a proceeding entirely unrelated to the case now on appeal. The fact that appellant did not affirmatively object to the court's statement does not alter our conclusion. *See Hicks* v. *State, supra.* In the first place, the statement itself referred not to

the Wells Oil case, which is on appeal, but only to "this case," i.e., the Andrews case. Therefore, appellant was not given cause to object with regard to the Wells Oil.[1] Secondly, this case is to be contrasted on its facts with those cases that have held delays to be attributable to defendants. *See, e.g., Key* v. *State, supra* (defendant was asked about and agreed to a continuance requested by a co-defendant); *Cox* v. *State*, 299 Ark. 312, 772 S.W.2d 336 (1989) (defendant explicitly agreed to continue his case and expressly waived any speedy trial claims).

■ Nor can we agree with the State's argument that the delay in this case was permissible under Ark. R. Crim. P. 28.3(a) as we cannot conclude that the delay "result[ed] from" the trial of appellant on the Andrews charges, as required by that rule, or that the delay was "necessary" under Ark. R. Crim. P. 28.1(c). The only case cited by the State in support of its proposition, *Allen* v. *State*, 294 Ark. 209, 742 S.W.2d 886 (1988), is clearly distinguishable. In *Allen*, the appellant was arrested in Texas for a robbery committed in Arkansas and an aggravated robbery committed in Tennessee. He was extradited to Tennessee, where he was held for approximately six months before being tried for and acquitted of the Tennessee offense. When he was finally returned to Arkansas, the supreme court held that that six-month period during which the appellant was held outside this jurisdiction was excludable from the speedy trial period for the Arkansas offense under Ark. R. Crim. 28.3(a). Here, on the other hand, appellant was charged with two sets of crimes in the same county and in the same court. Aside from the court's *sua sponte* decision, there was no reason why appellant could not have been tried for the Wells Oil burglary and theft before the speedy trial period elapsed.

We conclude that the trial court's exclusion of the period from October 24, 1989, to February 20, 1990, cannot be sustained, and that appellant's motion to dismiss should have been granted. Therefore, his convictions for the Wells Oil Company

---

[1] It is significant to note that as a mistrial had been declared, the speedy trial period for the Andrews burglary case was extended for a period of a full year under Rule 28.2(c). It did not result in such an extension for the case now being reviewed.

burglary an theft are reversed and the case is dismissed.

COOPER and ROGERS, JJ., agree.