Jeffrey Lynn CASH *v.* STATE of Arkansas

CACR 92-46                                    842 S.W.2d 440

Court of Appeals of Arkansas
Division I
Opinion delivered November 18, 1992

*William R. Simpson*, Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Jeffery Lynn Cash, appellant, appeals his convictions of robbery and theft of property for which he was sentenced to concurrent terms of five and three years, respectively. As his sole point for reversal, appellant contends that he was denied the right to a speedy trial. We disagree, and affirm.

Appellant was charged by a single information with the offenses of aggravated robbery and theft of property (counts 2 & 3), and the offenses of robbery and theft of property (counts 1 & 4). The court's docket reflects that all charges were set for trial on February 6, 1991. On January 18, 1991, appellant moved to sever these offenses, and at an omnibus hearing held on January 22, 1991, the court granted appellant's motion to sever. Appellant was tried on counts 2 and 3 on the date originally scheduled for trial, February 6. As reflected by a docket entry made on January

22, counts 1 and 4, which are the subject of this appeal, as well as another charge pending against appellant, were bound over for trial on May 21, 1991. On May 21, the state elected to try appellant on the other pending charge, and appellant was not tried on counts 1 and 4 until September 16, 1991.

The parties agree that the speedy trial period began to run on August 31, 1990, the date of appellant's arrest. *See* Ark. R. Crim. P. 28.2(a). Pursuant to Ark. R. Crim. P. 28.1(c), the state had until August 31, 1991, or twelve months from the day of arrest to bring appellant to trial, excluding only such periods of necessary delay as provided in Ark. R. Crim. P. 28.3. Since appellant's trial took place on September 16, 1991, it was held seventeen days beyond the speedy trial period. Once it has been shown that a trial is to be held after the speedy trial period has expired, the State has the burden of showing that any delay was the result of appellant's conduct or that it was otherwise legally justified. *Reed* v. *State*, 35 Ark. App. 161, 814 S.W.2d 560 (1991). The State urges that there are several excluded periods justifying the delay. However, we need only discuss one such period as we have determined that the time between January 22, 1991, and May 21, 1991, is excluded based on the supreme court's decision in *Lewis* v. *State*, 307 Ark. 260, 819 S.W.2d 689 (1991). This period alone is sufficient to bring appellant's trial within the speedy trial limitation.

In *Lewis* v. *State, supra*, the defendant was charged with four counts of delivery of a controlled substance and all counts were set for trial on the same date, June 18, 1990. Lewis, like the appellant here, successfully obtained a severance just prior to trial and was tried on one count on the original trial date. Before his second trial, Lewis filed a motion to dismiss asserting the lack of a speedy trial. In affirming the trial court's denial of the motion, the supreme court held that the period from the time the motion to sever was granted until the date the second trial was initially scheduled was excluded for speedy trial purposes. In discussing Lewis's arguments, the court said:

> Be that as it may, it is obvious the remaining counts could not be tried on June 18 as scheduled, and a delay in the trial attributable to the defendant constitutes 'good cause' as provided in Ark. R. Crim. P. 23.3(h). The state was

prepared to try the appellant on June 18, well within the time for speedy trial and it was the appellant's motion to sever, filed on the eve of trial, that occasioned the delay. We have held a number of times that when the defendant is scheduled for trial within the time for speedy trial and the trial is postponed because of the defendant, that is 'good cause' to exclude the time attributable to the delay.

*Id.* at 262-63, 819 S.W.2d at 691. Although appellant argues otherwise, we discern no material distinction between *Lewis* and the case at bar. Appellant was scheduled for trial on all counts on February 6 and, due to the motion to sever granted on January 22, the remaining counts were bound over for trial on May 21. Even though appellant was not tried on that date, that period of delay was nevertheless directly attributable to appellant's motion to sever. Rule 28.3(h) provides that periods of delay for good cause are excluded in computing the time for trial. As did the court in *Lewis*, we hold that the postponement prompted by appellant's motion to sever, from January 22 to May 21, is excluded under the speedy trial rules.

■■ Appellant also argues that the trial court failed to comply with Ark. R. Crim. P. 28.3(i), which provides in part that "all excluded periods shall be set forth by the court in a written order or docket entry." The court's docket entry of January 22, 1991, states, "Cts. 2 & 3 of this case to be tried - 5-21-91 set for trial of other counts or 90-2258." Although appellant does not specify the reason he deems this notation deficient, he cites our decision in *Reed* v. *State*, 35 Ark. App. 161, 814 S.W.2d 560 (1991). There, we observed:

Although not expressly stated in the rule [Ark. R. Crim. P. 28.3(i)], the supreme court has said that 'a court should enter written orders or make docket notations *at the time continuances are granted to detail the reasons for the continuances* and to specify, to a date certain, the time covered by such excluded periods.' *Hicks* v. *State*, 305 Ark. 393, 397, 808 S.W.2d 248, 351 (1991) (emphasis in original); *see also McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990). The court has also said that this language must be adhered to in order to provide any impetus behind Rule 28.3. *Hicks* v. *State, supra.*

*Id.* at 166, 814 S.W.2d at 562. In this case, the docket entry speaks to the motion to sever; the notation was made contemporaneously to the granting of the motion; and, it specifies the date upon which the trial was rescheduled. Consequently, we find compliance with the rule.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.