Bobby Joe CRANFORD, Jr. *v.* Circuit Judge Terry
CRABTREE

CR 96-294                                                    919 S.W.2d 514

Supreme Court of Arkansas
Opinion delivered April 22, 1996

*Norwood & Norwood, P.A.*, by: *Doug Norwood*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Sr. Appellate Advocate, for appellee.

PER CURIAM. On April 23, 1993, petitioner Bobby Joe Cranford, Jr., was arrested for DWI and charged with that offense. On November 17, 1993, he was tried in the Municipal Court of Rogers and found guilty. He was sentenced to 4 days of public service, a $500 fine, $339.25 court costs, alcohol safety school, and a 120-day suspension of his driver's license. A formal judgment was entered that same date. On December 1, 1993, his appeal of the DWI judgment was perfected in circuit court. Since that date, no action has been taken on his appeal by that court. On June 21, 1995, Cranford filed a motion to dismiss the judgment against him for violation of the speedy trial rules. Ark. R. Crim. P. 28.1 *et seq.*

Cranford advises this court in his brief in support of his petition that he is seeking this special writ to require the circuit court to rule on his motion to dismiss so that, in the event of an unfavorable ruling, he can then proceed with a petition for writ of prohibition in this court. Alternatively, he requests that if a prior ruling by the circuit court is not necessary, we treat his petition as one for prohibition. The State in its brief supporting its response argues that the writ of *procedendo ad judicium* is not an appropriate remedy. Rather, the State contends, this court can use the writ of mandamus to accomplish the same purpose, and mandamus is a power of this court enumerated in the State Constitution. *See* Ark. Const. art. 7, § 4.

The State, however, concedes that a *prima facie* case for violation of the speedy-trial rules has been pled by Cranford. The State further states that after discussing this matter with local prosecutors, it has no objection to this court's treating the petition as one for prohibition and granting it.

We agree that a *prima facie* speedy-trial violation has been

pled. Noting no objection from the State, which has the burden of proving speedy-trial compliance [*see McConaughey v. State*, 301 Ark. 446, 784 S.W.2d 768 (1990)], we treat the petition as one for prohibition and grant the same.