Anthony Arnez NELSON *v*. STATE of Arkansas

CA CR 01–840                          72 S.W.3d 526

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered April 17, 2002

*William R. Simpson, Jr.,* Deputy Public Defender; *Don Thompson,* Deputy Public Defender, by: *Clint Miller,* Deputy Public Defender, for appellant.

*Mark Pryor,* Att'y Gen., by: *Katherine Adams,* Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Anthony Arnez Nelson, was sentenced to a total of fifty years' imprisonment after a Pulaski County jury found him guilty of aggravated robbery, theft of property, and kidnapping. On appeal, he contends that he was not timely brought to trial, and therefore, his convictions should be reversed and dismissed. We agree with his argument and reverse and dismiss.

On November 13, 1999, appellant was arrested in Conway, Faulkner County, for fleeing, robbery, terroristic threatening, and theft by receiving. The arrest for theft by receiving, however, was based on allegations that a car, a 1995 Chrysler LeBaron owned by Fiona Mitchell, had been stolen in Little Rock. In fact, Conway police stopped and arrested appellant for theft by receiving after determining that the vehicle appellant was driving was reported stolen by Little Rock police. On November 15, 1999, Conway police notified Little Rock authorities that they had arrested appellant on various charges, including the theft-by-receiving charge, and he was held for Pulaski County.

Appellant was convicted of the Faulkner County charges on May 12, 2000, and sentenced to a total of fifty years' imprisonment. He was arrested that same day by Pulaski County authorities for the crimes of aggravated robbery, kidnapping, and theft of property, all crimes that allegedly occurred on November 13, 1999, in Pulaski County; an arrest warrant had been issued for appellant on November 22, 1999. On June 13, 2000, an information was filed in Pulaski County charging appellant by information with the three crimes. The information stated that the victim of the aggravated robbery and the kidnapping was Teresa Witt. The property alleged to have been stolen was the vehicle owned by Fiona Mitchell.

On January 17, 2001, appellant filed a motion to dismiss the charges filed in Pulaski County. He contended that the State was required to bring him to trial on these charges within one year from the date of his arrest, and further, his arrest in Faulkner County on the charge of theft by receiving on November 13, 1999, began the running of the time for speedy trial. Thus, he concluded that the time for bringing him to trial had passed. The

trial court denied the motion, and appellant was ultimately convicted of all three counts. However, in sentencing appellant, the court calculated appellant's jail-time credit from the November 13, 1999, arrest. Appellant raises this same argument on appeal.

In determining whether appellant was timely brought to trial on the Pulaski County charge, we observe that

> [a]ny defendant charged . . . in circuit court and held to bail . . . shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Ark. R. Crim. P. 28.1(c). Further, we note that the time for trial begins to run

> from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody . . . to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest. . . .

Ark. R. Crim. P. 28.2(a). The periods excluded in computing the time for trial, however, include the period of delay "resulting from other proceedings concerning the defendant, including . . . trials of other charges against the defendant." Ark. R. Crim. P. 28.3(a).

Appellant remained in the custody of Faulkner County after his arrest on November 13, 1999, until his conviction and then remained in the custody of Pulaski County, so we must determine whether from November 13, 1999, appellant was "continuously held in custody. . . to answer for the *same offense* or an offense based on the *same conduct* or arising from the *same criminal episode.*" (emphasis added). If so, then the time for trial on the Pulaski County charges commenced running from his November 13, 1999, arrest in Faulkner County on the charge of theft by receiving, and the time for trial on the Pulaski County charges would have run by the time appellant filed his speedy-trial motion on January 17, 2001.

The evidence presented at the Pulaski County trial revealed that on November 13, 1999, Witt was sitting in the passenger seat of Mitchell's car at an E-Z Mart in Little Rock. The driver, Mitchell, went into the store, leaving the engine running and the driver's side door unlocked. Appellant then entered the car and told Witt that he would shoot her if she yelled or moved. As he started backing the car out onto the street, Witt jumped out of the car, and appellant continued backing into the street and drove away.

■ These acts formed the basis for the Pulaski County convictions for aggravated robbery, kidnapping, and theft of property and the basis of the arrest on the theft-by-receiving charge in Faulkner County. In our view, the basis of both the theft-by-receiving arrest in Faulkner County and the theft-of-property conviction in Pulaski County was appellant's "control" of Mitchell's car. *See* Ark. Code Ann. § 5-36-103(a)(1) (Supp. 2001) (requiring proof of "unauthorized control" of the property to establish the crime of theft of property); Ark. Code Ann. § 5-36-106(b) (Repl. 1997)(defining "receiving" in part as "control"). Thus, we conclude that appellant's conduct that led to the theft-by-receiving arrest in Faulkner County was the "same offense" or "same conduct" that was the basis of his conviction for theft of property in Pulaski County.

■ We further note that our statutes provide that "[a] criminal charge of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or information," lending further support for the conclusion that both the arrest and the conviction involved the "same offense" or "same conduct." *See* Ark. Code Ann. § 5-36-102(a)(2) (Repl. 1997). We also note that "[w]hen the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense." Ark. Code Ann. § 5-1-110(a) (Repl. 1997). Appellant's acts in Pulaski County would have supported either a theft-of-property or a theft-by-receiving charge. Because the arrest and the conviction involved the "same offense" or "same conduct," we conclude that the time for trial on the Pulaski County charge

of theft of property began to run from the date he was arrested for theft by receiving in Faulkner County, November, 13, 1999, and that he was untimely brought to trial on the theft-of-property charge. Consequently, we must reverse and dismiss his conviction for theft of property.

We also conclude that the aggravated-robbery conviction and the kidnapping conviction arose from the "same criminal episode" as the theft-by-receiving arrest, and thus, the time for trial on these charges also ran from November 13, 1999, the date of appellant's arrest in Faulkner County on the theft-by-receiving charge. In support of this conclusion, we observe that in *Johnson v. State*, 337 Ark. 477, 485-86, 989 S.W.2d 525, 529 (1999), the Arkansas Supreme Court concluded that for the purposes of Rule 28.2, a capital murder conviction and a conspiracy to commit aggravated robbery were the "same criminal episode" when the victim was murdered during the aggravated robbery. Further, the Arkansas Supreme Court has defined the same or a single criminal episode broadly when interpreting that phrase in the area of joinder and severance of offenses. For instance, in *Ruiz v. State*, 273 Ark. 94, 97-99, 617 S.W.2d 6, 8-9 (1981), the court concluded that two murders in separate areas at different times were part of the same criminal episode. *See also McMillan v. Donovan*, 301 Ark. 393, 784 S.W.2d 752 (1990)(involving first-degree murder and conspiracy to commit theft of property); *Parker v. State*, 292 Ark. 421, 433, 731 S.W.2d 756, 762 (1987)(involving two counts of capital felony murder, two counts of attempted first-degree murder, two counts of burglary, one count of kidnapping, and one count of attempted capital murder); *Johnson v. State*, 290 Ark. 166, 168-69, 717 S.W.2d 805, 806-07 (1986)(involving the raping of two persons); *Cozzaglio v. State*, 289 Ark. 33, 709 S.W.2d 70 (1986)(involving a rape and kidnapping in separate counties); *Jones v. State*, 282 Ark. 56, 59, 665 S.W.2d 876, 878-79 (1984)(involving the first-degree battery of one person and the aggravated robbery of another). Given that the aggravated robbery and kidnapping occurred at the same time as the theft of property, we conclude that they were all part of the same criminal episode.

Finally, the State notes that the periods excluded in computing the time for trial include the period of delay "resulting from

other proceedings concerning the defendant, including . . . trials of other charges against the defendant." Ark. R. Crim. P. 28.3(a). The State argues that even if the time for trial began to run on November 13, 1999, then pursuant to Rule 28.3(a), the time required for appellant's trial on the Faulkner County charges should be excluded in calculating the time for trial on his Pulaski County charges. In support of its argument, the State cites two cases from the Arkansas Supreme Court that excluded for speedy-trial purposes a period of delay resulting from trial on other charges where the defendant was held in a foreign jurisdiction. The court stated that the period of delay in such cases "commences when the accused is taken to the foreign jurisdiction and ends when the trial in that jurisdiction is complete and the accused becomes available for extradition." *Patterson v. State*, 318 Ark. 358, 361-62, 885 S.W.2d 667, 668-69 (1994)(citing *Allen v. State*, 294 Ark. 209, 742 S.W.2d 886 (1988)).

■ ■ We note, however, that "[o]nce the defendant has made a *prima facie* showing of a violation of Rule 28.1, the State bears the burden of showing that there has been no violation, in that some of the time comprising the one-year period provided in the rule is to be excluded. . . ." *Burmingham v. State*, 346 Ark. 78, 83-84, 57 S.W.3d 118, 122 (2001). While it is apparent that appellant was being held in Faulkner County for trial on the Faulkner County charges, the State failed to present any evidence that the period of delay in bringing him to trial on the Pulaski County charges *resulted* from his trial on the Faulkner County charges. Nothing in the record suggests that appellant's Pulaski County trial could not have taken place even though he was awaiting trial on the Faulkner County charges. It is the State's burden to establish excludable periods, and without the presentation of any evidence on this issue, we cannot conclude that this period of time was excludable. *See Reed v. State*, 35 Ark. App. 161, 167, 814 S.W.2d 560, 563 (1991)(holding that a failure to have speedy trial on certain charges did not *result* from a trial on other charges in the same county and court).

Consequently, we reverse and dismiss appellant's convictions.

Reversed and dismissed.

GRIFFEN, NEAL, and BAKER, JJ., agree.

JENNINGS and BIRD, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. In this case, the majority holds that appellant's arrest in Faulkner County triggered the speedy-trial limitations period for the charges brought in Pulaski County. I disagree with that conclusion because appellant's Faulkner County arrest was not based on the same offense or conduct and was not part of the same criminal episode as the events which took place in Pulaski County. Even if the majority were correct that the limitations period began with appellant's arrest in Faulkner County, the time during which appellant remained in jail awaiting trial on the charges in Faulkner County is excludable from the speedy-trial limitations period pertaining to the Pulaski County charges.

On November 13, 1999, Fiona Mitchell and Teresa Witt were traveling in Mitchell's Chrysler LeBaron when they stopped at an E-Z Mart in Little Rock. Mitchell went into the store, leaving Witt in the car with the motor running and the doors unlocked. Appellant got into the driver's seat of Mitchell's car and told Witt that he would shoot her if she yelled or moved. As appellant was backing the car out the parking space, Witt escaped by jumping out of the car. The appellant continued to drive away, and the women then called the police. This incident formed the basis for the charges of aggravated robbery, kidnapping, and theft of property in Pulaski County from which this appeal arises.

Near midnight on that same evening, Patrolman Bobby Harvill of the Conway Police Department received a report about a robbery at a local Blockbuster store and was told that the suspect was driving a white Chrysler LeBaron. Harvill was also advised that the vehicle and its tags matched the description of one that had been reported stolen out of Little Rock. Harvill spotted the described vehicle and stopped it after a brief chase. He arrested appellant for robbery and terroristic threatening, based on the events that took place at Blockbuster, and fleeing. Because appellant committed these offenses while driving a stolen vehicle, theft by receiving was included as an additional reason for the arrest. Harvill testified, however, that he did not know when the vehicle

had been stolen and that he did not know anything about the circumstances surrounding its theft.

David Murphy, another police officer in Conway, presented the case to the local prosecuting attorney. As a result, appellant was charged the next day in Faulkner County with robbery, terroristic threatening, and fleeing. A charge of theft by receiving was not pursued by the authorities in Faulkner County, and Officer Murphy testified that appellant was held in the Faulkner County jail pending trial only on the charged offenses.

Appellant was arrested on May 12, 2000, on the Pulaski County charges of aggravated robbery, kidnapping, and theft of property, immediately after his conviction on the charges in Faulkner County. The information was filed on June 13, 2000.

Rule 28.2(a) of the Rules of Criminal Procedure provides that the time for trial commences to run:

> (a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody . . . *to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode*, then the time for trial shall commence running from the date of arrest.

The issue in this case involves determining when the appellant was arrested for the purpose of calculating the speedy-trial period for the Pulaski County offenses. The majority concludes that the appellant's arrest on November 13, 1999, for theft by receiving in Faulkner County marked the beginning of the limitations period. I submit that appellant's arrest on May 12, 2000, was the date the speedy-trial period began to run.

The majority holds that the Faulkner County arrest began the limitations period because theft by receiving and theft of property are the same offense or involve the same conduct. The two offenses, however, are separate and distinct, and proscribe different criminal behavior. Theft of property is committed by a person who knowingly takes or exercises unauthorized control over the property of another with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103 (Supp. 2001). Theft by receiving is committed by a person who receives, retains or

disposes of stolen property, knowing that it was stolen or having good reason to believe it was stolen. Ark. Code Ann. § 5-36-106 (Repl. 1997).

Arkansas Code Annotated section 5-36-102(a)(2) (Repl. 1997) does provide that a "charge of theft may be supported by evidence that it was committed in any manner that would be theft," but that does not mean that the offenses are considered to be the same. In *Coleman v. State*, 327 Ark. 381, 938 S.W.2d 845 (1997), the appellant argued that, based on the theft consolidation statute, an amendment to the theft statute also amended the theft-by-receiving statute. In rejecting that argument, the supreme court noted that the purpose of the theft consolidation statute was to prevent a defendant from escaping conviction of one offense by proving he was actually guilty of another. The court recognized that the crimes of theft and theft by receiving remained different offenses.

The Pulaski County theft offense was based on the actual taking of the car. The theft-by-receiving arrest was based on the possession of a stolen car. I am unwilling to say that the appellant's arrest for theft by receiving constitutes an arrest for the offense of theft of property. They are not the same offense, and they do not involve the same conduct.

Nor can I agree with the majority's opinion that the arrest in Faulkner County arose out of the same criminal episode that occurred in Pulaski County. The incident in Pulaski County involved the aggravated robbery and kidnapping of Ms. Witt, and the theft of Ms. Mitchell's vehicle. Appellant was arrested in Faulkner County based on the unrelated events that transpired at a Blockbuster store and the act of fleeing to evade arrest. Theft by receiving was included as a basis for the arrest only because appellant was driving a stolen vehicle at the time he committed the other offenses. The events for which appellant was arrested in Faulkner County simply did not arise out of the same criminal episode as the acts committed in Pulaski County.

Cases dealing with the issues of joinder and severance do not, in my view, have much relevance to speedy-trial questions. Under Rule 21.1, two or more offenses may be joined in a single

information when the offenses are of the same or similar character or are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. As noted in the Commentary, the rule is "uncommonly broad." The language of the joinder rule is far different and much broader than that found in Rule 28.2, and the application of the joinder rule is based on considerations that are not present in determining, as we are here, the precise date on which an accused is deemed to have been arrested.

It is true, as the majority states, that the authorities in Pulaski County placed a "hold" on the appellant while he was jailed in Faulkner County. But this does not start the running of the speedy-trial period for charges brought against an accused who is incarcerated for an unrelated offense. See Jackson v. State, 334 Ark. 406, 976 S.W.2d 370 (1998); Washington v. State, 31 Ark. App. 62, 787 S.W.2d 254 (1990).

Even if I could agree that the speedy-trial period began to run on November 13, 1999, I believe that the time between that date and May 12, 2000, the date the trial in Faulkner County was completed and appellant became available for transfer to Pulaski County, should be excluded. Rule 28.3(a) provides an exclusion for the period of delay resulting from other proceedings concerning the defendant, including "trials of other charges against the defendant." The supreme court has applied this exclusion when a defendant has been tried on charges in a foreign jurisdiction before being tried on charges in Arkansas. See Patterson v. State, 318 Ark. 358, 885 S.W.2d 667 (1994); Allen v. State, 294 Ark. 209, 742 S.W.2d 886 (1988). However, the rule contains no language limiting its application to trials in "foreign" jurisdictions. In this case, the trials were situated in different counties, and thus involved different jurisdictions. I can see no basis for rejecting the exclusion here. Reed v. State, 35 Ark. App. 161, 814 S.W.2d 560 (1991), is distinguishable; there we declined to apply the exclusion because the defendant was charged with two sets of crimes in the same county and same court. Here, the appellant was charged with two sets of crimes in two different counties.

I respectfully dissent.

BIRD, J., joins.