Charles Richie FULLERTON *v.* STATE of Arkansas

CA CR 94-58                                    886 S.W.2d 887

Court of Appeals of Arkansas
Division II
Opinion delivered November 16, 1994

*McArthur & Finkelstein*, by: *William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant entered a conditional plea of guilty to delivery of cocaine and was sentenced to ten years in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in denying his motion to dismiss. The appellant moved to dismiss the delivery charge on speedy trial and double jeopardy grounds. The trial court denied his motion to dismiss and the appellant entered a negotiated plea of guilty conditioned upon appealing the issues raised in his motion.

We agree with the State that we are without author-

ity to hear this appeal. Except as provided in Arkansas Rule of Criminal Procedure 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. Crim. P. 36.1. Rule 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Rule 24.3(b) applies only to adverse rulings on motions to suppress evidence illegally obtained. *Eckl* v. *State*, 312 Ark. 544, 851 S.W.2d 428 (1993). This Rule does not provide for a conditional plea with reservation of the right to review of an adverse speedy trial determination. *Jenkins* v. *State*, 301 Ark. 586, 786 S.W.2d 566 (1990). Nor does this Rule provide for a conditional guilty plea reserving the right to an appeal from a motion to dismiss based on double jeopardy grounds. Further, it is of no consequence when the trial court, the prosecutor, and the defense counsel agree that a defendant can enter a conditional plea and reserve his right to appeal if the determination appealed from is not encompassed within Rule 24.3(b). *See Eckl* v. *State, supra; Jenkins* v. *State*, supra. The only possibility for establishing the right of appeal of a judgment of conviction resulting from a guilty plea is pursuant to Rule 24.3(b). *Eckl* v. *State, supra*. As the Rule does not provide for an appeal under the circumstances in the case at bar, we must dismiss the appeal.

Appeal dismissed.

ROBBINS and MAYFIELD, JJ., agree.